The STATE of Ohio, Appellee,

v.

VANCE, Appellant.

The STATE of Ohio, Appellee,

v.

JACKSON, Appellant.

The STATE of Ohio, Appellee,

v.

KINCAID, Appellant.

[Cite as *State v. Vance* (1994), 98 Ohio App.3d 56.]

Court of Appeals of Ohio,
Marion County.

Nos. 9–94–18 to 9–94–20.

Decided Oct. 19, 1994.

*Jim Slagle,* Marion County Prosecuting Attorney, and *Renee L. Potts,* Assistant Prosecuting Attorney, for appellee.

*Lewis William Dye* and *Katherine A. Korda,* for appellants.

THOMAS F. BRYANT, Judge.

This is an appeal by defendants-appellants Michael G. Vance, Raymond Jackson and Thomas R. Kincaid from judgments entered on jury verdicts by the Court of Common Pleas of Marion County.

On October 13, 1993, an undercover law enforcement officer executed a controlled buy of cocaine from Michael Dudkiewicz. Dudkiewicz was arrested and thereafter agreed to wear a radio transmitter and go to the residence of his supplier to purchase additional cocaine. Dudkiewicz and the undercover officer proceeded to the supplier's residential trailer and other law enforcement officers hid in the vicinity of the trailer and garage. The officers noticed several people standing in or near the garage. Upon Dudkiewicz entering the trailer and purchasing cocaine from Vance, the officers entered the trailer and the garage and secured the premises. The officers conducted a patdown search of the people in the garage and found plastic bags containing white powder on two

individuals, Jackson and Kincaid. Vance, Jackson and Kincaid were all arrested. Later, the white powder found on Jackson and Kincaid was determined to be cocaine. The plastic bag that Jackson held in his pocket contained approximately fifteen grams of cocaine and the bag on Kincaid contained approximately twenty-five grams of cocaine.

On October 22, 1993, a joint indictment was issued naming Vance, Jackson and Kincaid defendants. Vance was charged with two counts of aggravated trafficking, R.C. 2925.03(A)(6) and (A)(7), Jackson and Kincaid each were charged with one count of aggravated trafficking, R.C. 2925.03(A)(6).

On January 18, 1994, defendants filed a joint motion to suppress the evidence seized at the trailer and garage. The trial court later denied the motion.

On February 7 through 10, 1994, a jury trial was held in which Vance, Jackson and Kincaid were codefendants. The jury found Vance guilty of one count of aggravated trafficking, R.C. 2925.03, and thereafter he was sentenced accordingly. Both Jackson and Kincaid were found not guilty of aggravated trafficking but each was found guilty of one count of the lesser included offense of drug abuse, R.C. 2925.11, and sentenced accordingly.

It is from these judgments that Vance, Jackson and Kincaid filed their notices of appeal. Thereafter, we granted defendants-appellants' motion to consolidate these appeals. In their combined brief, Jackson and Kincaid argue only the first assignment of error, and Vance argues only the second assignment of error.

Jackson and Kincaid assert the following assignment of error with subparts:

"The court erred in failing to suppress the evidence against appellants Jackson and Kincaid.

"A. Police had ample opportunity to obtain a search warrant, but failed to do so.

"B. Even if the Court concludes that the search of Appellants Kincaid and Jackson falls within an exception to the prohibition against warrantless searches, the scope of the search was nevertheless excessive."

We address first sub-part A of this assignment of error.

In *State v. Williams* (1993), 86 Ohio App.3d 37, 41, 619 N.E.2d 1141, 1143, it is stated:

"In a motion to suppress, the trial court assumes the role of trier of fact, and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. * * * Accordingly, in our review, we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. * * * Accepting those facts as true, we must independently determine as a

matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard."

Here, it is conceded that the officers did not have a search warrant to search the trailer, garage or the individuals present in these buildings. At hearing, the trial court found that the circumstances were exigent at the time of this search and therefore found this warrantless search lawful as an exception to the warrant requirement of the Fourth Amendment of the United States Constitution. Accordingly, the trial court denied the motion to suppress the evidence.

Applying the standard of review enunciated in *Williams, supra*, our review of the record reveals that the trial court correctly denied the motion to suppress. The record shows the following facts. At approximately 9:10 p.m., an undercover officer met Dudkiewicz to execute a controlled buy of cocaine from him. After executing the buy, the officer arrested Dudkiewicz, questioned him, and Dudkiewicz then agreed to become an informant and lead police to his supplier. The police and Dudkiewicz immediately left for the supplier's residence. The record shows that these events all occurred within an approximate forty-minute time span. At hearing, one of the officers testified that it was necessary to move quickly to avoid arousing the suspicion of, and possible detection by, the supplier as Dudkiewicz was due back at the supplier's residential trailer with the money gained from the sale of the cocaine to the undercover officer.

We believe these facts support the trial court's finding that the circumstances were exigent. Further, we note that the trailer and garage in question were only searched, indeed were only discovered, *after* Dudkiewicz was arrested and agreed to become an informant. The initial focus of the police was Dudkiewicz alone. The police had no reason to believe that Dudkiewicz would agree to be an informant after being arrested, and without such prior knowledge had neither sufficient time nor advance information from which to anticipate the need for and to obtain search warrants for the trailer and garage for which their new informant led them.

This part of appellants' assignment of error is overruled.

■ In sub-part B, appellants argue that the search of their persons was excessive in scope.

*Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, stands for the proposition that police officers may briefly detain and pat down persons for weapons when an officer has a reasonable and articulable suspicion that criminal activity is afoot. The obvious purpose in allowing a limited search is for the protection of the police officers' safety. *Id.*

Here, Jackson and Kincaid were in or near the garage as the officers secured the premises. Both were found to have cocaine on their persons when they were

patted down by an officer searching for weapons. The officer conducting the patdown search stated that he patted down everyone near or in the garage to determine if any of the individuals were carrying weapons. The officer further testified that he pulled the cocaine from Jackson's and Kincaid's pants pockets only upon feeling a "lump" and/or "hard bulge" that he thought might be weapons. The officer also testified that he thought the lumps might be weapons because in each case the cocaine was gathered in the corner of the bags and the upper part of the bags were twisted tightly which caused both bags to feel hard.

In *State v. Evans* (1993), 67 Ohio St.3d 405, 415, 618 N.E.2d 162, 171, the Supreme Court of Ohio stated:

" * * * *Terry* does not require that the officer be absolutely convinced that the object he feels is a weapon before grounds exist to remove the object. At the same time, a hunch or inarticulable suspicion that the object is a weapon of some sort will not provide a sufficient basis to uphold a further intrusion into the clothing of a suspect. When an officer removes an object that is not a weapon, the proper question to ask is whether that officer reasonably believed, due to the object's 'size or density,' that it could be a weapon.

" * * * *

"Accordingly, we hold that when an officer is conducting a lawful pat-down search for weapons and discovers an object on the suspect's person which the officer, through his or her sense of touch, reasonably believes could be a weapon, the officer may seize the object as long as the search stays within the bounds of *Terry* * * *."

This court examined both of the plastic bags of cocaine found on Jackson and Kincaid respectively. The bag found on Kincaid, state's exhibit 2, contained approximately twenty-five grams of cocaine, nearly all of which was in a rock solid form. Also contained in the bag, or in the same pocket as the bag, was the hollow shaft of a ball point pen apparently used to inhale the cocaine. The bag of cocaine found on Jackson, state's exhibit 4, was packaged in the manner we described above and felt hard to the police officer. We believe, as the trial court apparently did, that the officer here formed a reasonable belief that the "lumps" he felt in Jackson's and Kincaid's pants pockets might be weapons. Accordingly, we hold that the trial court correctly denied defendants-appellants' motion to suppress evidence.

This part of appellants' assignment of error is not well taken.

Vance asserts the following assignment of error:

"Appellant Vance's conviction should be reversed due to ineffective assistance of counsel."

We are a bit perplexed by this assignment of error. The record shows that appellate counsel here also acted as Vance's trial counsel in this matter. Counsel seems to be arguing that his own deficiency, non-skills and/or inaction caused Vance to be deprived of his right to an effective trial attorney. A review of the record, however, shows that counsel included Vance, along with Jackson and Kincaid, in the motion filed to suppress the evidence seized at the trailer and garage on October 13, 1993. On January 31, 1994, a hearing was held on the matter. At this hearing, counsel made direct inquiries into the seizure of the evidence on and near Vance at the time he was arrested in the trailer. Accordingly, this assignment of error has no merit.

Appellant's assignment of error is not well taken.

The judgments of the Court of Common Pleas of Marion County are affirmed.

*Judgments affirmed.*

SHAW, P.J., and HADLEY, J., concur.