DECISION AND JUDGMENT ENTRY
In this matter, the state appeals a suppression order issued by the Lucas County Court of Common Pleas in a case involving the possession of crack cocaine. Because we conclude that a pat down search of the defendant was justifiable, we reverse the trial court's order.
Appellee, Douglas R. Robinson, was a passenger in a motor vehicle which was stopped by police for having an expired license plate. At a pre-trial suppression hearing, the officer testified that he recognized the driver as a man who had been involved in prior gun and drug complaints and was a possible suspect in a series of recent aggravated robberies. The officer also testified that he had been warned that the driver could be carrying weapons. The officer stated that as soon as he turned his flashers on and before the vehicle came to a stop, the driver and appellee began making excessive furtive movements. The driver moved as if trying to reach or conceal something in the center console area, next to appellee. Appellee made furtive movements himself, reaching underneath his own body and the seat. The officer testified that he could see appellee's head lift up each time he reached underneath. After stopping the vehicle, the officer called for back-up and waited.
When back-up arrived, the officer removed both the driver and appellee from the vehicle. The officer first patted down the driver for weapons, then appellee. When the officer reached between appellee's legs, he felt a hard object on the back of his hand. The officer said he thought it could be a handle to a knife or a gun. He turned his hand to feel for a weapon and recognized, based upon his training and experience, that appellee had drugs hidden there. The officer finished his pat-down and then told appellee that he knew what was in his pants; appellee denied having anything. The officer then told appellee that he would retrieve the object from appellee's pants if appellee did not remove it. The object was removed from appellee's pants, field tested and found to be crack cocaine.
Appellee was placed under arrest and taken to the police station. Although appellee refused to sign the waiver of rights form presented to him, he did make a statement to the detective regarding the substance found.
Appellee was indicted on one count of possession of crack cocaine, in violation of R.C. 2925.11(A) and (C)(4)(e). The trial court ultimately granted appellee's motion to suppress all evidence, including the cocaine and subsequent statements, resulting from the pat-down search.
Appellant, the state of Ohio, now appeals that judgment setting forth the following two assignments of error:
"ASSIGNMENT OF ERROR NO. 1
 "THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO SUPPRESS.
"ASSIGNMENT OF ERROR NO. 2
 "THE TRIAL COURT ERRED IN FINDING THAT THE CONTRABAND FOUND ON APPELLEE'S PERSON WOULD NOT HAVE BEEN INEVITABLY DISCOVERED BY LAWFUL MEANS."
 I.
Appellant, in its first assignment of error, argues that the trial court erred in granting appellee's motion to suppress. We agree.
When determining a motion to suppress, a trial court becomes the trier of fact and is, therefore, in the best position to resolve questions of fact and to evaluate the credibility of witnesses. State v. Vance (1994), 98 Ohio App.3d 56, 58; Statev. Williams (1993), 86 Ohio App.3d 37, 41. An appellate court must accept the findings of fact if supported by competent credible evidence. Id. Accepting those facts as true, the appellate court must "determine as a matter of law without deference to the trial court's conclusion, whether they meet the applicable standard." Id.
When a motor vehicle is validly stopped by police, the propriety and legality of a frisk and search of passengers in the vehicle is determined by considering the totality of the circumstances. State v. Bobo (1988), 37 Ohio St.3d 177, paragraph one of the syllabus. See, also, Terry v. Ohio (1968), 392 U.S. 1,19-20. Under this test, many factors may be considered in determining whether a "pat-down" is reasonable. Furtive gestures by the occupants of a vehicle may provide a reasonable basis for a pat-down. State v. Williams (1994), 94 Ohio App.3d 538, 543. Observation of bulges in an individual's clothing is also a relevant factor. Pennsylvania v. Mimms (1977), 434 U.S. 106,111-112.
The right to frisk "is virtually automatic when individuals are suspected of committing a crime, like drug trafficking, for which they are likely to be armed." State v.Evans (1993), 67 Ohio St.3d 405, 413. A pat-down is reasonable if it is clear that the officer was aware of specific facts which would warrant a reasonable person to believe he was in danger.Id.; State v. Watson (Aug. 23, 1996), Montgomery App. No. 15449, unreported. Where a passenger was leaning forward with his hand behind his back, we previously determined that a pat-down and search of the passenger was proper. See State v. Braxton (Mar. 31, 1992), Lucas App. No. L-91-266, unreported. Additionally, a police officer may seize nonthreatening contraband detected during a valid protective pat-down search. See Minnesota v. Dickerson
(1993), 508 U.S. 366, 373.
In this case, the officer articulated that he stopped the motor vehicle for violating a traffic law and then recognized the driver as a suspect wanted for other crimes involving the use of weapons, including aggravated robberies. Police had been warned that the driver could be carrying weapons. Before the vehicle stopped, the officer observed both occupants making excessively furtive movements. The driver repeatedly leaned over the console toward appellee and appellee then lifted himself up and reached underneath his own body several times. In our view, under the totality of the circumstances, these factors provided sufficient evidence of the potential for physical risk to the officers and justified a pat-down of appellee.
Additionally, when the officer first felt the object in appellee's pants, he suspected that it might be a weapon. After directly touching the object, the officer stated he immediately knew it was drugs. Therefore, since the pat-down and the seizure of the cocaine was proper, the trial court's suppression order was in error.
Accordingly, appellant's first assignment of error is well-taken. Our determination of the first assignment of error renders appellant's second assignment of error moot.
The judgment of the Lucas County Court of Common Pleas is reversed and remanded for proceedings consistent with this opinion. Court costs of this appeal are assessed to appellee.
JUDGMENT REVERSED.
 __________________________ James R. Sherck, J., JUDGE
 Richard W. Knepper, P.J. and Mark L. Pietrykowski, J.
CONCUR.
 SIXTH DISTRICT COURT OF APPEALS LOCAL RULES
Pursuant to the authority under Rule 31 of the Ohio Rules of Appellate Procedure, the following local rules have been adopted by this court.
RULE 1. FORM OF FILINGS
All attorneys shall include their Supreme Court registration number on the first page of all documents filed with the clerk of the court of appeals. In addition, all attorneys, or parties if not represented by counsel, shall include their address, telephone number and fax number, if any.
(Former rule rescinded and new rule adopted effective June 30, 1994)
RULE 2. EXTENSION OF TIME FOR TRANSMITTING RECORD
The trial court shall not extend the time for transmitting the record more than once, or for more than thirty (30) days, except no extensions by the trial court are permitted in cases assigned to the accelerated calendar. Thereafter, any request for extension of time shall be made by motion to the court of appeals. See App.R. 10(C). Except in extraordinary circumstances, the time for transmitting the record shall not be extended for any period of time by this court in appeals involving adoption of a minor child; termination of parental rights; dependent, neglected, unruly or delinquent children; those assigned to the accelerated calendar; and any criminal appeal by the state.
(Amended, effective July 1, 1981; July 1, 1984; June 1, 1985; October 1, 1991; July 1, 1992; July 1, 1995; January 1, 1998; July 1, 2000)
RULE 3. NOTICE OF APPEAL, PRAECIPE AND DOCKETINGSTATEMENT
(A) Notice of Appeal. The notice of appeal shall have attached to it a copy of the judgment or order from which the appeal is taken, signed by the trial court judge and indicating the date the judgment or order was entered on the journal. Failure to attach the final judgment entry or order may be grounds for dismissal.
A party is required to file only one (1) notice of appeal from a judgment entered in cases which were consolidated in the trial court. The notice of appeal must list all consolidated case numbers.
(B) Praecipe. The appellant shall file, with the notice of appeal, a praecipe directing the clerk of the trial court to prepare a record of the original papers and exhibits thereto, and a certified copy of the docket and journal entries as specified in App.R. 9(A). In addition, the praecipe shall state whether the record will contain a transcript of proceedings pursuant to App.R. 9(B), or a statement pursuant to App.R. 9(C) or (D). The clerk of the trial court will provide praecipe forms as prescribed by this court (see Form 1, Appendix of Forms) which, if fully completed, will satisfy the requirements of this rule.
If appellant designates in the praecipe that the record will include a transcript of proceedings, appellant shall specify and enumerate with particularity those segments of the trial or hearing (i.e., voir dire, opening statements, testimony, closing arguments, charge of court, etc.), to be transcribed, and in the case of an indigent appellant, order only those portions which are pertinent and germane to the appeal. Thereafter, except for good cause shown, no additional portions of such proceedings shall be authorized as a supplementation to the record.
If a transcript of proceedings is to be filed in accordance with App.R. 9(B), a copy of the notice of appeal with praecipe and docketing statement shall be served by the clerk of the trial court upon the court reporter. The appellant, however, shall be responsible for contacting the court reporter to order the transcript of proceedings. Appellant shall also be responsible for the filing of such transcript of proceedings with the clerk of the trial court in accordance with App.R. 9(B). The court reporter shall prepare those portions, and only those portions, of the transcript enumerated in the praecipe, subject to being made secure in the payment of his or her fees.
If the appellant fails to file a praecipe within five (5) days of filing the notice of appeal in the trial court, it may be grounds for dismissal of the appeal.
(C) Docketing Statement. The appellant and cross-appellant shall file a docketing statement with the notice of appeal or cross-appeal. The purpose of the docketing statement is to determine whether an appeal will be assigned to the accelerated or regular calendar and the suitability of the appeal for a prehearing conference. The clerk of the trial court will provide docketing statement forms as prescribed by this court. (See Form 2, Appendix of Forms)
If the appellant or cross-appellant fails to file a docketing statement within five (5) days of filing the notice of appeal in the trial court, it may be grounds for dismissal of the appeal.
(D) Number and Transmittal of Copies. Appellant shall file with the trial court clerk an original and a sufficient number of copies of the notice of appeal (with a copy of the judgment entry from which the appeal is taken attached), praecipe and docketing statement to enable the clerk to transmit them as follows. The trial court clerk shall, immediately upon receipt and in no event later than the next business day,: 1. place the original in the case jacket and keep one (1) copy for his or her discretionary use; 2. transmit two (2) copies to the clerk of the court of appeals, along with the costs deposit and two (2) copies of the trial court's appearance docket; 3. transmit one (1) copy to the court reporter if a transcript of proceedings has been ordered; and 4. serve one (1) copy on each counsel of record and each unrepresented party.
(Amended, effective June 1, 1982; August 1, 1989; September 1, 1990; October 1, 1991; July 1, 1992; July 1, 1995; January 1, 1998)
RULE 4. JUDGMENT ENTRIES
Decisions of the court will be announced in an entry issued by the court entitled "Decision and Judgment Entry". Decisions are announced when they are entered on the court's journal. Upon receipt by the clerk of the court of appeals, the clerk shall immediately file-stamp and journalize the "Decision and Judgment Entry", at which time it will become the entry of judgment and the period of review will begin to run.
If the clerk of the court of appeals has access to a plain paper fax machine, the court of appeals may transmit by fax to the clerk of the court of appeals its "Decision and Judgment Entry", which will be accepted as the original and the signatures of the judges shall be accepted as originals consistent with Civ.R. 5(E). No additional paperwork needs to be filed.
(Amended, effective January 1, 1980; July 1, 1992; January 1, 1998)
RULE 5. TIME FOR FILING BRIEFS
The time for filing of briefs as provided by App.R. 11.2(B)(2) and 18; and 6th Dist.Loc.App.R. 11 and 12(D) is mandatory. Except in appeals involving adoption of a minor child; termination of parental rights; dependent, neglected, unruly or delinquent children; those assigned to the accelerated calendar; and any criminal appeal by the state, either party, upon timely motion, may be granted one (1) automatic extension not to exceed ten (10) days (or an extension of more than ten (10) days for good cause shown) for filing a brief. In the types of appeals enumerated in the sentence above, the time for filing briefs shall not be extended for any period of time except in extraordinary circumstances. In other types of appeals, extensions to file briefs subsequent to the first extension will only be granted for good cause shown.
If briefs are not filed pursuant to App.R. 18(C) and 6th Dist.Loc.App.R. 12(D), or within the time as extended, in the case of appellant the court may dismiss the appeal, sua sponte, without prior notice; and in the case of appellee, said brief may be stricken, if filed, and, if stricken or not filed, counsel will not be allowed to participate in oral argument on the merits.
Aggrieved parties will be governed thereafter by the procedure outlined in App.R. 26.
(Amended July 1, 1981; June 1, 1984; June 1, 1985; September 1, 1990; October 1, 1991; July 1, 1992; July 1, 1995; July 1, 1996; January 1, 1998; July 1, 2000)
RULE 6. ORIGINAL ACTIONS
An original action, other than habeas corpus, shall be instituted by the filing of an original and three copies of a complaint. The petitioner or relator shall also file a praecipe directing the clerk of the court of appeals to serve a copy of the complaint on each other party at the addresses listed in the praecipe. Such service shall be made without reference to a time for response. The original action shall proceed as any civil action under the Ohio Rules of Civil Procedure, as may be applicable to original actions, except that the court, if it deems that an answer is necessary, will issue an alternative writ which will set forth the time for filing an answer or a motion to dismiss pursuant to Civ.R. 12(B)(6).
In all original actions, except actions in habeas corpus, if either party intends to file a motion for summary judgment, the motion shall be filed within twenty (20) days of the date of service of the answer filed by respondent. A response to the motion for summary judgment shall be due within twenty (20) days of the date of service of the motion and a reply shall be due within ten (10) days of the date of service of the response, at which time, the motion will be decisional. No hearing will be held on the motion for summary judgment unless ordered by the court.
In the event that neither party files a motion for summary judgment or a motion to dismiss in the time allowed, the parties shall submit their case to the court within twenty (20) days of the date that the motion for summary judgment or motion to dismiss was due. Each party's case shall be submitted by a brief on the law, an agreed statement of facts, if applicable, and/or stipulations, depositions, and/or affidavits. No hearing will be held unless ordered by the court. The evidence in habeas corpus shall be similarly submitted whenever practicable and where the interests of justice will not be defeated by delay. In the event the court orders a hearing, court stenographers will not be in attendance unless arranged for and employed by one or more of the parties and appointed by the court, or unless, because of exceptional circumstances, otherwise ordered by the court.
(Effective January 1, 1980; August 1, 1989; September 1, 1990; July 1, 1992; amended, effective January 1, 1998)
RULE 7. COST DEPOSITS
(A) In Original Actions. No complaint in an original action (mandamus, prohibition, procedendo, or quo warranto, or, except where prohibited by law, habeas corpus) may be accepted for filing in this court unless the party bringing the action shall have first deposited with the clerk of the sum of $100.00 as security for the payment of the costs that may accrue in the action. Subpoenas may not issue for witnesses unless an additional deposit in the amount of $10.00 per subpoena as security for costs is deposited with the clerk together with the praecipe(s) for subpoena. Provided, however, that if the party bringing the action or the party seeking the attendance of witnesses makes and files with the clerk his sworn affidavit of inability to secure costs by such prepayment, the clerk shall, as appropriate, receive and file the complaint and subpoena the witnesses without such deposits. In the event the affidavit is filed by an inmate of a state institution it shall be accompanied, as an exhibit thereto, by a certificate of the superintendent or other appropriate officer of the institution setting forth the amount of funds, if any, which the inmate has on deposit with the institution available to the inmate to secure costs. If the certificate demonstrates that the inmate has sufficient funds available to him to secure costs the clerk shall not file the complaint until the costs are thus secured.
(B) In Appeals. At the time of filing the notice of appeal, the party filing the appeal or cross-appeal shall deposit with the clerk of the trial court the sum of $150.00, as security for payment of costs, except where the party who proffers the filing makes and files with the clerk a sworn affidavit of inability to secure costs for such prepayment or produces evidence that the trial court determined that the party was indigent for purposes of appeal. No security deposit shall be required on appeals by the state or any of its subdivisions. R.C. 109.19. This deposit for costs shall be forwarded immediately upon receipt (and in no event later than the next business day) by the clerk of the trial court to the clerk of the court of appeals. Any personal check given for the deposit amount shall be made payable to the clerk of the court of appeals. The deposit for costs shall be in addition to any other fees or deposits required by law, including the lawful fees of the clerk of the trial court prescribed by R.C.2303.20 and 2303.31. Failure to make the required deposit shall be grounds for dismissal of the appeal.
(Effective January 1, 1980; amended, effective October 1, 1987; July 1, 1992; June 30, 1994; July 1, 1995; July 1, 1996; January 1, 1998)
RULE 8. FAX FILING AND MOTIONS
(A) Fax Filing. If the county clerk of courts has adopted local rules for the filing of pleadings by electronic means (fax), such fax filings shall be accepted in the court of appeals by following the same requirements and procedures as set forth in the local rules of the county clerk of courts.
(B) Motions. The content of motions for procedural orders shall be in the form prescribed by App.R. 15. All procedural motions shall be accompanied by an entry or order, on a separate sheet, granting the relief sought by the motion. However, the date for filing documents shall be left blank on the order for the court to fix an appropriate date. The court of appeals may transmit by fax to the clerk of the court of appeals the order of the court which will be accepted as the original and the signature(s) of the judge(s) shall be accepted as originals consistent with Civ.R. 5(E). No additional paperwork needs to be filed.
(Effective January 1, 1980; amended, effective July 1, 1992)
RULE 9. ORAL ARGUMENT
(A) Scheduling of argument. Oral argument will be automatically scheduled in all appeals except appeals from orders granting or denying adoption of a minor child, appeals from orders granting or denying termination of parental rights, and appeals assigned to the accelerated calendar. In adoption of a minor child cases, termination of parental rights cases, and accelerated calendar cases, if any party files a written notice, separate from the brief, that the party wants an oral argument to be scheduled, such argument will be scheduled and all parties who file a brief will be permitted to argue. The written notice in accelerated calendar cases must be filed no later than ten (10) days after appellee's brief is due to be filed. The written notice in adoption of a minor child cases and termination of parental rights cases must be filed simultaneously with the filing of that party's brief.
(B) Length of Time. In accordance with App.R. 21(B), oral argument shall be reduced from thirty (30) minutes to fifteen (15) minutes per side, except as hereinafter indicated. A party may also waive oral argument.
In those cases wherein a party deems additional time is needed, a request shall be made by motion, in accordance with 6th Dist.Loc.App.R. 8, at the time of the filing of the appellate brief with a copy of said brief attached thereto. Said motions shall be determined by two judges of the court.
Unless the court otherwise orders, the following time limitations for oral argument will apply. No appellee will be granted more time for argument than that requested by appellant. In the event there is more than one appellee and such appellees' interests are not adverse to each other, the amount of time requested and/or allotted to appellant will be divided among such appellees, at their discretion, at the time of oral argument; otherwise, equal time will be afforded each appellee the same as that allowed appellant, or as the court may otherwise order.
(C) Waiver of Argument. If a more expeditious submission of the appeal than permitted by scheduling for oral argument is desired, parties may submit the case on the briefs by stipulation filed no later than the time of, or for, the filing of the appellee's brief. When such stipulation is filed within such time, the appeal shall be submitted to the court for determination at the earliest feasible time after the time for, or of, the filing of the reply brief, whichever is earlier. Appeals submitted on the briefs after expiration of the above time shall be submitted to the court for determination at the time scheduled for oral argument.
(D) Settlement Prior to Oral Argument. When the court has scheduled a case for oral argument and is subsequently notified that the case is settled and/or will be dismissed, appellant shall file a notice of dismissal with the clerk of the court of appeals within thirty (30) days from the date of notification that the case is settled and/or will be dismissed.
If appellant fails to file such a dismissal entry within thirty (30) days, the court shall sua sponte dismiss the appeal.
(Effective January 1, 1980; amended, effective November 1, 1984; October 1, 1986; September 1, 1990; July 1, 1992; July 1, 1996; January 1, 1998; January 1, 2000; July 1, 2000)
RULE 10. BRIEFS
(A) Number and Length of Briefs. All parties shall file an original and four (4) copies of their briefs. Initial briefs of appellant and appellee shall not exceed thirty (30) pages, which is reduced to fifteen (15) pages for appeals on the accelerated calendar, exclusive of the appendix, lists of authorities and appended texts of statutes and constitutional provisions, if any. For good cause shown and in extraordinary circumstances, the court may grant a party leave to file a brief in excess of this page limitation. Application for such leave shall be by motion specifying the number of extra pages requested and specifying reasons extra pages are required. Except by leave of the court, reply briefs shall not exceed ten (10) pages, exclusive of the index, list of authorities, and appendix, if any. Reply briefs shall be restricted to matters in rebuttal of the answer brief and are permitted in accelerated calendar cases only with leave of court. Proper rebuttal is confined to new matters in the answer brief.
(B) Contents of Briefs. In addition to the requirements of App.R. 16, the appendix of appellant's brief shall contain a copy of the judgment entry from which the appeal is taken.
If an unreported opinion is relied upon or cited in a brief, reference shall be made to the county, date and case number of the opinion.
(C) Appendix — When Tabs Required. When the appendix to the brief contains three or more items, each item must be separately tabbed and identified by consecutive numbers or letters or by name of the document and referred to in the brief by the corresponding number, letter or name.
(D) Non-conforming Briefs. A brief not prepared in accordance with this rule, including the formalities mandated by App.R. 19, may be returned by the court to counsel to be conformed to the rules within a specified period. Failure to conform by appellant may result in dismissal of the appeal. Failure to conform by appellee may result in the brief being stricken and denial of right to argue. (Cf. App.R. 18(C).)
(Effective January 1, 1980; amended, effective October 1, 1986; August 1, 1989; October 1, 1991; July 1, 1992; June 30, 1994; January 1, 1998)
RULE 11. BRIEFING SCHEDULE ON APPEAL — CROSS-APPEAL
Where two or more notices of appeal are filed in the same cause and the parties filing said notices of appeal are opposing each other, the party filing the appeal later in time (App.R. 4(A)), shall be referred to as "cross-appellant" and shall caption the notice of appeal as a cross-appeal (See App.R. 21(D) with reference to cross-appeals), and the briefing schedule for both parties shall be as follows, except as provided in App.R. 14(C):
 Filing No. 1: Assignments of error and brief of appellant/cross-appellee: Twenty (20) days after the date on which the clerk has mailed the notice required by App.R. 11(B), which time is reduced to fifteen (15) days from the date the record is filed in appeals assigned to the accelerated calendar.
 Filing(s) No. 2: Assignments of error and brief of cross-appellant: Twenty (20) days after service of appellant's assignments of error and brief, which time is reduced to fifteen (15) days in appeals assigned to the accelerated calendar.
 Appellee/cross-appellant's brief in response to appellant's assignments of error: Twenty (20) days after service of appellant's assignments of error and brief, which time is reduced to fifteen (15) days in appeals assigned to the accelerated calendar.
These two briefs may be combined into one document provided it is clearly designated as both briefs and each brief within the document is labeled so that the court can determine that neither brief exceeds the page limit described in 6th Dist.Loc.App.R. 10(A).
 Filing(s) No. 3: Appellant/cross-appellee's brief in response to appellee/cross-appellant's assignments of error and brief: Twenty(20) days from the date of service of cross-appellant's assignments of error and brief, which time is reduced to fifteen(15) days in appeals assigned to the accelerated calendar.
 Appellant/cross-appellee's reply brief: Twenty (20) days from the date of service of appellee's brief in response to appellant's assignments of error and brief. No reply brief is allowed in appeals assigned to the accelerated calendar without leave of court.
These two briefs may be combined into one document provided it is clearly designated as both briefs and each brief within the document is labeled so that the court can determine that neither brief exceeds the page limit described in 6th Dist.Loc.App.R. 10(A).
 Filing No. 4: Appellee/cross-appellant's reply brief: Ten (10) days from the date of service of appellant/cross-appellee's brief in response to cross-appellant's assignments of error and brief. No reply brief sallowed in appeals assigned to the accelerated calendar without leave of court.
(Effective March 15, 1983; October 1, 1991; July 1, 1992)
RULE 12. ACCELERATED CALENDAR
Pursuant to App.R. 3, 10 and 11.1, this court adopts an accelerated calendar, which shall be administered in the following manner:
 (A) Based upon a review of the docketing statement(s) (6th Dist.Loc.App.R. 3(C)) and pursuant to App.R. 3(G), this court may issue a scheduling order accelerating the appeal.
 (B) If, upon a review of the record and briefs, European the motion of any party, the court determines that said appeal should not be accelerated, it may be removed from the accelerated calendar and placed on the regular calendar.
 (C) The court may assign an appeal to the accelerated calendar at any stage of the proceedings.
 (D) All briefs filed in an appeal that has been accelerated shall conform to 6th Dist.Loc.App.R. 10 as to form and content; however, briefs shall not exceed fifteen (15) pages, excluding table of contents and appendices, if any. Appellant shall serve and file his brief within fifteen (15) days after the date on which the record is filed. Appellee shall serve and file his brief within fifteen (15) days after service of the brief of appellant. Reply briefs shall not be filed unless ordered by the court.
 (E) No oral arguments will be held in accelerated calendar cases unless requested in writing, separate from the brief, by any party within ten (10) days of the date appellee's brief is due to be filed.
 (F) In its discretion, the court may issue a memorandum decision or a full opinion and may forward either to the Supreme Court Reporter for inclusion in the official reports. Issuance of a full opinion doesn't remove an appeal from the accelerated calendar.
(Former rule rescinded and new rule adopted effective October 1, 1991; amended, effective July 1, 1995; January 1, 1998; January 1, 2000; July 1, 2000)
RULE 13. PREHEARING CONFERENCE
Pursuant to App.R. 20, the court hereby adopts the following prehearing conference procedures which apply only to civil and administrative appeals filed in this court.
(A) Scheduling of Prehearing Conference. The court shall review the docketing statement(s) required by 6th Dist.Loc.App.R. 3(C) in all civil and administrative appeals to determine whether a prehearing conference would be of assistance to the court or the parties.
If a prehearing conference is deemed to be advisable, the court will notify the attorneys, or the litigants if unrepresented, of the date, time and location of the prehearing conference. In addition, any party may telephone the court and request a prehearing conference.
(B) Purposes and Procedure of Prehearing Conference. The prehearing conference will be held before a judge not assigned to the case or the court's conference attorney. The attorneys primarily responsible for the case, as well as their clients, are required to attend the prehearing conference in person, or with the approval of the court, by telephone. The primary purposes of the prehearing conference are: (1) to explore settlement possibilities through mediation, (2) to simplify the issues in the appeal if settlement is not possible, (3) to deal with any procedural problems which may arise or be anticipated in connection with the appeal.
It is desirable to hold the prehearing conference before any additional expense is incurred by the parties in proceeding with the appeal. Therefore, the court will make every effort to schedule the prehearing conference before the transcript of proceedings, if any, is to be filed or before appellant's brief is due, if no transcript of proceedings is to be filed. Since this is not always possible, the parties are cautioned that the scheduling of a prehearing conference does not automatically stay the time in which the transcript of proceedings or briefs must be filed.
(C) Extensions of Time to Transmit Record and FileBriefs. If a prehearing conference is scheduled after the date the record is to be transmitted pursuant to App.R. 10 or after the date appellant's or appellee's brief is to be filed pursuant to App.R. 11.1(C) or 18, any party may telephone the court's conference attorney and request that the court issue a sua sponte
order extending the time in which to transmit the record or file a appellant's brief. Thereafter all requests for such extensions shall be made orally at the prehearing conference or in writing pursuant to App.R. 10(C), 6th Dist.Loc.App.R. 2, App.R. 11.1(C), 18 and 6th Dist.Loc.App.R. 5.
(D) Confidentiality. All statements and comments made in settlement negotiations during the prehearing conference are absolutely confidential, except to the extent disclosed by the prehearing conference order entered pursuant to Section (G) of this rule, and shall not be disclosed by the conference judge or conference attorney, nor by counsel.
(E) Prehearing Conference Order. At the conclusion of the prehearing conference, the judge, or the presiding judge upon recommendation of the conference attorney, may enter an order setting forth the actions taken and the agreements reached.
(F) Noncompliance Sanctions. If a party or attorney fails to comply with the provisions of this rule, or the provisions of the prehearing conference order, the court may impose appropriate sanctions.
(Effective July 1, 1992; amended, effective January 1, 1998)
RULE 14. APPOINTMENT OF COUNSEL
(A) Request for Counsel. Except in appeals filed pursuant to App.R. 5, requests for appointment of counsel and a transcript of proceedings at state expense shall be made in the first instance in the trial court.
(B) Selection of Counsel. The court shall maintain a list of qualified attorneys who have notified the court of their interest in serving as appointed counsel in criminal cases. Counsel shall be selected in a continual rotation from a list maintained by the court, except that the court may consider the experience and expertise of counsel in making an appointment.
The court shall keep a record of all counsel appointments made in a given calendar year, and shall annually review that record to assure that appointments are equitably distributed among counsel on the appointment list.
(C) Appointed Counsel Fees.
(1) Applications by appointed counsel in criminal cases for attorney fees and expenses on appeal shall be completed on the form prescribed by the Ohio Public Defender. Such applications shall be filed with the court no earlier than the date the case was submitted to the court on the merits or no later than thirty (30) days after the date of the filing of the judgment entry. Any application received by the court after such later date shall not be accepted for filing except with prior leave of court with good cause shown.
(2) The rate of compensation for appointed counsel shall be in accordance with the rate and fee schedule as adopted by the applicable county commissioners. Copies of each fee schedule can be obtained in the Sixth District Court of Appeals Court Administrator's Office.
(Effective July 1, 1995; July 1, 1996; amended, effective January 1, 1998)
RULE 15. RECORDS RETENTION
Pursuant to Sup.R. 26(g), this court adopts, as its records retention schedule, Sup.R. 26, 26.01, and 26.02. In no event shall any record of this court be retained for a period less than the time established in Sup.R. 26, 26.01 or 26.02.
(Effective July 1, 1995; January 1, 1998, January 1, 2000)
RULE 16. BROADCASTING AND PHOTOGRAPHING COURTPROCEEDINGS
Requests for permission for the broadcasting, televising, recording, or taking of photographs in the courtroom must be submitted to the court administrator, in writing, on the designated form, at least twenty-four (24) hours prior to the scheduled time of commencement of the proceeding.
The judge presiding at the hearing or oral argument or in that judge's absence, any member of the panel, shall grant the request for the broadcasting, televising, recording or taking of photographs in court proceedings open to the public, if the judge determines that to do so would not distract the participants, or impair the dignity of or otherwise materially interfere with the proceedings. The request for permission, and the allowance of the request, must be in writing and made a part of the record of the proceedings.
The court administrator shall specify the place or places in the courtroom where the operators and equipment are to be positioned. The equipment and operators to be allowed is limited to the following:
a.) One portable camera with one operator
b.) One still photographer
c.) One audio system for radio broadcast purposes.
The filming, videotaping, recording, or taking of photographs of victims or witnesses, who object, shall not be permitted.
All pooling arrangements are the responsibility of the media representatives. Such arrangements must be made without involving the court. If any disputes arise, the judge may exclude all contesting media representatives.
Upon the failure of any media representative to comply with the conditions prescribed by the judge, the judge may revoke the permission to broadcast, televise, record, or photograph the hearing or oral argument.
(Effective July 1, 1996)
RULE 17. BAIL AND SUSPENSION OF EXECUTION OF SENTENCE INCRIMINAL CASES
When a party files an application for release on bail and suspension of execution of sentence pursuant to App.R. 8(B), a memorandum in support shall be filed with the application in this court. The party's memorandum shall contain, but is not limited to, the following information, which shall be supported by the papers, affidavits, and portions of the record referred to in App.R. 8(B): 1) confirmation that the motion for release on bail was denied by the trial court, 2) a statement of the offense for which the party was found guilty and the sentence imposed by the trial court, 3) a listing of the party's prior convictions, if any, 4) a listing of current charges pending against the party, 5) a statement as to whether the party is currently employed, the name of the party's employer and for how long the party has been employed, 6) a statement of the amount of bail the party is requesting and in what manner the bail will be secured, 7) a statement of the possible assignments of error, and 8) a statement of defendant's family or other community ties. Failure to comply with this rule may result in the automatic denial of the application.
(Effective July 1, 2000)
RULE 18. REPORTING OF DECISIONS
Pursuant to Rule 2(C) of the Supreme Court Rules for the Reporting of Opinions, each of this court's decisions or parts thereof, excluding orders on procedural matters, orders without opinion, brief memorandum decisions, and judgment entries under App.R. 11.1(E), may be sent to the Supreme Court Reporter for determination as to whether such decision shall be reported in the Ohio Official Reports.
(Effective July 1, 2000)
RULES 19-21. RESERVED
Reserved
RULE 22. PRESIDING/ADMINISTRATIVE JUDGE
Pursuant to Sup.R. 3 and 4, one judge shall be elected to be both the presiding judge and the administrative judge, hereinafter designated as presiding judge. In addition to the powers and duties set forth in Sup.R. 3 and 4, the presiding judge shall rule upon all requests for extensions of time and other motions and matters authorized to be handled by a single judge. The presiding judge may refer any such motion or matter to a three-judge panel. The presiding judge shall preside over all sessions and meetings of the court en banc and over any three-judge panel of which the presiding judge is a member. In the absence of the presiding judge, the available judge who is senior in service on the court shall perform the duties of the presiding judge. The judge who is senior in service on the court shall preside over any three-judge panel of which the presiding judge is not a member.
(Effective June 1, 1985; July 1, 1992; July 1, 1993; July 1, 1995; January 1, 1998)
RULE 23. TITLE
These rules shall be known as the Local Rules of the Sixth District Court of Appeals of Ohio and may be cited as 6th Dist.Loc. App.R. ___.
(Effective July 1, 1992; July 1, 1995)
 APPENDIX OF FORMS FORM 1
___________________________________________________ (TRIAL COURT)
______________________________ Trial Court Case No.
______________________________ Court of Appeals
Case No.
Plaintiff/Appell____
v.
______________________________ PRAECIPE
 Pursuant to 6th Dist.Loc. App.R. 3(B)
Defendant/Appell____
 TO THE CLERK OF THE TRIAL COURT:
Immediately prepare and assemble the original papers and exhibits filed in the trial court in this case and a certified copy of the docket and journal entries, pursuant to App.R. 9(A).
In addition, the record in this appeal will (check only one):
_____ 1. Include a complete transcript pursuant to App.R. 9(B).
_____ 2. Include a partial transcript pursuant to App.R. 9(B).
a. Enumerate here the segments of the trial and/or hearings to be transcribed pursuant to Loc.R. 3(B). State specifically the trial or hearing dates, the type of hearing and the segments you want transcribed.
__________________________________________________
__________________________________________________
__________________________________________________
__________________________________________________
__________________________________________________
__________________________________________________
 _____ 3. Include a statement of evidence or proceedings pursuant to App.R. 9(C) (no report (i.e., record of testimony) made or no transcript available).
_____ 4. Include an agreed statement pursuant to App.R. 9(D).
 _____ 5. Not include a transcript, or other substitute for a transcript.
 ________________________________ (name)
Attorney for ______________________
 ____________________________________ ____________________________________ ____________________________________ Supreme Court Registration Number
 APPENDIX OF FORMS REVISED 7/1/92 FORM 2 __________________________________________________ (TRIAL COURT)
______________________________ Trial Court Case No.
______________________________ Court of Appeals
Case No.
Plaintiff/Appell____
Date Trial Court's v. Judgment Entry being appealed was entered
______________________________ on the journal.
______________________________ DOCKETING STATEMENT
 Pursuant to App.R. 3(F), 6th Dist.Loc.App.R. 3(C) and 12(A)
Defendant/Appell____
1. This appeal should be assigned to:
_____ The accelerated calendar for the reason checked:
(See App.R. 11.1 and 3(F) as well as 6th Dist.Loc.App.R. 12.)
_____ A. No transcript is required.
_____ B. The transcript is of such length that its preparation time will not be a source of delay. (The transcript in an accelerated appeal is to be filed within 20 days of filing the notice of appeal. See App.R. 10(A).)
_____ C. An agreed statement will be submitted within 20 days.
_____ D. The record was made in an administrative hearing and was filed with the trial court.
_____ E. All parties to the appeal as shown by the attached statement agree to an assignment to the accelerated calendar.
_____ The regular calendar for reason(s) checked:
_____ A. The transcript is of such length that its preparation time will take more than 20 days from the date the notice of appeal is filed.
_____ B. A brief in excess of 15 pages is necessary to adequately argue the issues.
_____ C. The appeal concerns unique issues of law which will be of substantial precedential value in the determination of similar cases.
_____ D. Other __________________________________________ ____________________________________________________________
 PAGE 2 DOCKETING STATEMENT
2. Probable issues for review:
_________________________________________________________________
_________________________________________________________________
_________________________________________________________________
_________________________________________________________________
_________________________________________________________________
_________________________________________________________________
3. Has a notice of appeal been previously filed in this court concerning this case or a related case?
 Yes No
If so, what was the previous appellate case number? _________________
4. If a transcript is to be prepared and included in the record on appeal, counsel for appellant must have the court reporter's certification on page three of this form completed by the court reporter before filing this docketing statement.
(QUESTIONS 5 THROUGH 9 APPLY TO CIVIL AND ADMINISTRATIVE APPEALS ONLY)
5. Nature of Case: (for example: Personal injury (slip and fall); administrative appeal (zoning); termination of parental rights; probate (will contest); breach of contract; malpractice (legal); etc.
_________________________________________________________________
_________________________________________________________________
6. Does the appeal depend on an interpretation or application of a particular case(s) or statute(s)?
 Yes No If yes, please cite case(s) or statute(s)______________________________________________________
________________________________________________________________
7. How would you characterize the extent of your settlement discussions prior to judgment in the trial court?
 None Minimal Moderate Extensive
8. Have post-judgment settlement discussions taken place?
 Yes No
 PAGE 3 DOCKETING STATEMENT
9. Would a prehearing "settlement" mediation conference pursuant to 6th Dist.Loc.App.R. 13 be of any assistance in the resolution of this matter?*
 Yes No Maybe Please explain (optional).
_________________________________________________________________
 ______________________________ (name)
Attorney for ______________________
________________________________
 ________________________________ (address, telephone number)
________________________________
(Supreme Court Registration Number)
 COURT REPORTER'S CERTIFICATION
The transcript as ordered consists of approximately _____________ pages. I estimate that __________ days will be needed to prepare the transcript for filing.
Date _______________ Signature _______________________________
 * Notice
THE PRIMARY PURPOSE OF A PREHEARING CONFERENCE IS TO ENCOURAGE THE PARTIES TO EXPLORE ANY POSSIBILITIES THERE MAY BE FOR SETTLEMENT OF THE CASE BEFORE INCURRING ADDITIONAL EXPENSES, OR, IF THAT IS NOT POSSIBLE, TO LIMIT THE ISSUES.
LOC.R. 13(E) PROVIDES THAT THIS COURT MAY IMPOSE APPROPRIATE SANCTIONS FOR FAILURE TO COMPLY WITH THE PROVISIONS OF LOC.R. 13.
(Amended, effective July 1, 1992)