DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a judgment issued by the Sandusky County Court of Common Pleas which found appellant guilty of trafficking in drugs and the attempted carrying of a concealed weapon. Because we conclude that evidence taken pursuant to appellant's traffic stop was lawfully seized, we affirm the judgment of the trial court.
 {¶ 2} Appellant, Jackie R. Whitfield, was charged with one count of drug trafficking, in violation of R.C. 2925.07(A), and one count of possession of a firearm while under disability, in
 {¶ 3} violation of R.C. 2923.13(A)(1). Appellant pled not guilty and sought to suppress evidence obtained as a result of a traffic stop.
 {¶ 4} The following evidence was presented at the suppression hearing. Sergeant Timothy K. Wiersma responded to a "tip" from a gas station attendant that two people were drinking beer in a car in the station parking lot. When the license plate number provided by the attendant was checked, the information showed that a felony warrant had been issued for the owner of the vehicle. Based upon that knowledge, two patrol cruisers in the area found and stopped the vehicle. Sergeant Wiersma followed these cruisers and pulled in next to the suspect vehicle.
 {¶ 5} At that point, the officers could smell the odor of alcoholic beverage coming from inside the car and on appellant's breath. When questioned, appellant properly identified himself and produced a car title which showed that the owner had signed over the vehicle's title to appellant, but it was not yet transferred into his name. One of the officers then asked appellant to step out of the vehicle and perform field sobriety tests, which appellant passed. According to Wiersma, appellant began to act unusually nervous and "antsy," asking several times if he could leave, and then returning to his vehicle before being told to do so by the officers. Appellant then stated to the officers that the only beer he had was a closed bottle of beer which he indicated was in a cooler in the back seat of the car.
 {¶ 6} Wiersma then approached the driver's side of the vehicle to speak with appellant. Wiersma shone a flashlight into the front seat area and saw the neck of an open beer bottle on the floor sticking out near appellant's feet. The sergeant retrieved the open bottle and then removed appellant from the vehicle. He then placed appellant under arrest for having an open alcoholic beverage container in the vehicle.
 {¶ 7} The officers handcuffed appellant, who continued to exhibit nervous mannerisms. Wiersma then looked in the back seat to retrieve the other bottle of beer and observed a crack pipe on the floor. Since appellant was then going to be charged with possession of drug paraphernalia, the police conducted an inventory search of the vehicle prior to towing it. During that search, Wiersma found and opened an unlocked aluminum briefcase directly behind the driver's seat. Among the items in the briefcase were the following: a food tray and a "choreboy" cleaning pad with marijuana residue, several marijuana "buds," a small baggy containing what later tested to be crack cocaine in the approximate weight of 6 grams, and a ziploc bag containing 121 grams of marijuana.
 {¶ 8} Another officer also found, between the front center console and the driver's seat, a nine millimeter Smith and Wesson semi-automatic handgun with one round of ammunition in the magazine. The officers also found a knife stuck into the dashboard. The police then opened the trunk and found a duffle bag which contained over 1,000 grams of marijuana.
 {¶ 9} The trial court denied appellant's motion to suppress. Appellant then pled no contest to and was found guilty of trafficking in drugs, in violation of R.C. 29(A)(2)(C)(3)(d) and attempt to carry a concealed weapon, in violation of R.C. 2923.02.
 {¶ 10} Appellant now appeals that conviction, setting forth the following sole assignment of error:
 {¶ 11} "The defendant was subject to an unconstitutional search as the result of an investigatory detention extended beyond any basis for reasonable suspicion."
 {¶ 12} Appellant essentially argues that once the police knew he was not the person identified in the felony warrant and had completed the sobriety tests, the police were required to stop any further inquiry. We disagree.
 {¶ 13} When determining a motion to suppress, a trial court becomes the trier of fact and is, therefore, in the best position to resolve questions of fact and to evaluate the credibility of witnesses.State v. Vance (1994), 98 Ohio App.3d 56, 58; State v. Williams (1993),86 Ohio App.3d 37, 41. An appellate court must accept the findings of fact if they are supported by competent credible evidence. Id. Accepting those facts as true, the appellate court must "determine as a matter of law without deference to the trial court's conclusion, whether they meet the applicable standard." Id.
 {¶ 14} In Terry v. Ohio (1968), 392 U.S. 1, 28, the United States Supreme Court held that a stop involving the restraint upon a person's freedom to walk away is governed by the Fourth Amendment reasonableness standard. Reasonableness can only be determined by balancing the need to search or seize against the invasion which that action entailed. Id. at 21. Justification for a particular seizure must be based upon "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id.
 {¶ 15} In order to stop a vehicle and detain its occupants, a police officer must have a reasonable and articulable suspicion to believe that a motor vehicle or its occupants are in violation of the law.Delaware v. Prouse (1979), 440 U.S. 648, 663; State v. Chatton (1984),11 Ohio St.3d 59, 61. Whether a stop is reasonable depends upon the totality of the surrounding circumstances. State v. Freeman (1980),64 Ohio St.2d 291, paragraph one of the syllabus.
 {¶ 16} In this case, the police briefly stopped appellant to investigate whether he had been drinking beer in a vehicle whose owner was wanted on a felony warrant. Therefore, the initial stop was lawful since it was based upon specific articulable facts and a reasonable suspicion that the occupants of the vehicle were in violation of the law. Although appellant was not the vehicle owner and may have "passed" the field sobriety tests, appellant's breath indicated he had recently been drinking. When appellant returned himself to his car, the investigation had not yet ended. In our view, the officers were justified in continuing the investigation as to alleged open containers based not only upon appellant's furtive and nervous actions, but because appellant's breath smelled strongly of alcoholic beverage. Therefore, we conclude that the trial court did not err in denying appellant's motion to suppress.
 {¶ 17} Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 18} The judgment of the Sandusky County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., James R. Sherck, J., and Richard W. Knepper,J., CONCUR.