OPINION
{¶ 1} Defendant-appellant, Larry L. Luke, Jr. (hereinafter "Luke"), appeals the judgment of conviction and sentence of the Allen County Court of Common Pleas finding him guilty of one count of involuntary manslaughter and sentencing him to five years imprisonment. For reasons that follow, we affirm.
 {¶ 2} On March 14, 2006, Luke went to a convenience store in Lima, Ohio with a friend. During their visit to the store, Luke and his friend encountered Patrick Phalen. A confrontation occurred among these individuals, and Luke punched Phalen. Phalen subsequently died from his injuries.
 {¶ 3} On March 16, 2006, two Lima Police Department detectives drove to Luke's residence and asked Luke if he would be willing to answer questions regarding the convenience store confrontation. Luke agreed to the interview and was transported to the police station by the detectives.
 {¶ 4} On April 16, 2006, the Allen County grand jury indicted Luke on one count of involuntary manslaughter in violation of R.C. 2903.04(A) and a first degree felony. On April 21, 2006, Luke was arraigned and entered a plea of not guilty.
 {¶ 5} On May 16, 2006, Luke filed a motion to suppress incriminating statements he made to the police during the March 16, 2006 interview. On June 7, 2006, the trial court held an evidentiary hearing on the motion and, on June 20, 2006, it overruled Luke's motion to suppress. *Page 3 
 {¶ 6} On July 26, 2006, Luke appeared in court and waived his right to a jury trial. On September 11, 2006, a bench trial was held. The trial court found Luke not guilty of first degree involuntary manslaughter as charged, but it found Luke guilty of third degree involuntary manslaughter in violation of R.C. 2903.04(B).
 {¶ 7} On October 18, 2006, the trial court sentenced Luke to a five year term of imprisonment. Luke now appeals the trial court's conviction and resulting term of imprisonment asserting one assignment of error.
 ASSIGNMENT OF ERROR NO. I THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE DEFENDANT BY OVERRULING THE DEFENDANT'S MOTION TO SUPPRESS HIS STATEMENT TO LAW ENFORCEMENT OFFICERS.
 {¶ 8} In his sole assignment of error, Luke argues that the March 16, 2006 police station interview was a `custodial interrogation' and thatMiranda warnings were required. Luke argues his statements were inadmissible, and the trial court erred by not excluding the statements from evidence since he was not given Miranda warnings. The State argues that the interview was non-custodial because Luke voluntarily came to the police station and was free to leave at any time. Luke's assignment of error lacks merit.
 {¶ 9} We review a trial court's findings of fact involving motions to suppress with deference and review such findings for whether they are supported by competent, credible evidence. State v. Ransom, 3d Dist. No. 15-06-05, 2006-Ohio-6490, ¶ 17, citing *Page 4 State v. Vance (1994), 98 Ohio App.3d 56, 58-59, 647 N.E.2d 851;State v. Ferguson, 3d Dist. No. 4-01-34, 2002-Ohio-1763. "With respect to the trial court's conclusions of law, however, our standard of review is de novo, and we must decide whether the facts satisfy the applicable legal standard." State v. Moore, 3d Dist. Nos. 1-06-89; 1-06-96,2007-Ohio-3600, ¶ 11, citing State v. McNamara (1997),124 Ohio App.3d 706, 710, 707 N.E.2d 539.
 {¶ 10} Only "custodial interrogations" trigger the requirement to provide Miranda warnings. Moore, 2007-Ohio-3600, at ¶ 12. "[T]he determination as to whether a custodial interrogation has occurred requires an inquiry into `how a reasonable man in the suspect's position would have understood his situation.'" Ransom, 2006-Ohio-6490 at ¶ 20, citing State v. Mason, 82 Ohio St.3d 144, 154, 694 N.E.2d 932, quotingBerkemer v. McCarty (1984), 468 U.S. 420, 442, 104 S.Ct. 3138,82 L.Ed.2d 317. "In judging whether an individual has been placed into custody the test is whether, under the totality of the circumstances, a `reasonable person would have believed that he was not free to leave.'" Id., citing State v. Gumm (1995), 73 Ohio St.3d 413, 429,653 N.E.2d 253, quoting United States v. Mendenhall (1980), 446 U.S. 544, 554,100 S.Ct. 1870, 64 L.Ed.2d 497.
 {¶ 11} The circumstances for determining whether a reasonable person would have believed he was free to leave include: *Page 5 
 (1) What was the location where the questioning took place-i.e., was the defendant comfortable and in a place a person would normally feel free to leave? For example, the defendant might be at home as opposed to being in the more restrictive environment of a police station;
 (2) Was the defendant a suspect at the time the interview began (bearing in mind that Miranda warnings are not required simply because the investigation has focused);
 (3) Was the defendant's freedom to leave restricted in any way;
 (4) Was the defendant handcuffed or told he was under arrest;
 (5) Were threats [sic] made during the interrogation;
 (6) Was the defendant physically intimidated during the interrogation;
 (7) Did the police verbally dominate the interrogation;
 (8) What was the defendant's purpose for being at the place where questioning took place? For example, the defendant might be at a hospital for treatment instead of being brought to the location for questioning;
 (9) Were neutral parties present at any point during the questioning;
 (10) Did police take any action to overpower, trick, or coerce the defendant into making a statement?
State v. Greeno, 3d Dist. No. 13-02-46, 2003-Ohio-3687, ¶ 15, citingState v. Estepp (Nov. 26, 1997), 2d Dist. No. 16279, at *4. To determine if an interrogation is custodial, however, "[t]he ultimate inquiry is simply whether there is a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest."Ransom, 2006-Ohio-6490 at ¶ 20, citing Mason, 82 Ohio St.3d at 154, quoting California v. Beheler (1983), 463 U.S. 1121, 1125,103 S.Ct. 3517, 77 L.Ed.2d 1275; Thompson v. Keohane (1995), 515 U.S. 99, 112,116 S.Ct. 457, 133 L.Ed.2d 383. *Page 6 
 {¶ 12} The trial court's factual findings regarding the March 16, 2006 interview can be summarized as follows:
A. Factual Findings Supporting the Conclusion that the Interview wasCustodial
 1. Detectives tracked Luke down and brought him to the police station;
 2. Interrogation lasted almost one hour;
 3. Luke was not told he was "free to leave";
 4. Detective Nolan sat between defendant and the door to a small interview room;
B. Factual Findings Supporting the Conclusion the Interview wasNon-custodial
 1. Luke voluntarily accompanied the detectives to the station;
 2. Detectives were in civilian attire;
 3. Interview was not conducted in a tense or extremely confrontational manner;
 4. No promises, threats, or offers of leniency were made to Luke;
 5. Luke was offered cigarettes and a drink, of which he requested and was given water;
 6. Luke and detectives were not overly stressed during the interview;
 7. At various times, the interview room door was open and detectives left Luke alone in the room;
 8. Luke had access to and used his cell phone during and after the interview;
 9. Luke was permitted to leave after making incriminating statements; and
 10. Luke's statements were voluntary and not coerced.
June 20, 2006 JE at 4-5). Our review of the record, including the suppression hearing transcript and the interview DVD, reveals that the trial court's factual findings, supra, are supported by competent, credible evidence. Ransom, 2006-Ohio-6490, at ¶ 17. *Page 7 
 {¶ 13} Applying these factual findings to the circumstances articulated in Greeno, we find that a reasonable person in Luke's position would believe he was free to leave. 2003-Ohio-3687, at ¶ 15. Although Luke's interview was in the police station, it was not `restrictive,' because he was left alone in an open room and had access to his cell phone. (June 7, 2006 T. at 7, 8). Luke was a suspect at the time of the interview; however, Detective Kleman testified that at that time only one eyewitness put Luke at the scene of the crime and, in his opinion, probable cause did not exist for an arrest. (June 7, 2006 T. at 27). Even if Luke was the `focus' of the investigation, as he argues, that fact alone does not trigger Miranda. Greeno, 2003-Ohio-3687, at ¶ 15; Stansbury v. California (1994), 511 U.S. 318, 323, 114 S.Ct. 1526,128 L.Ed.2d 293.
 {¶ 14} Furthermore, Luke's freedom was not restricted. Luke voluntarily accompanied the detectives to the station in the back of an unlocked, unmarked car with no protective cage between the front and back seats. (June 7, 2006 T. at 20). Luke was then left alone in an open interview room for about five to ten minutes while the detectives attended to other matters. (Id. at 7). Luke also had access to and used his cell phone during the interview. (Id. at 8). Luke was never physically restrained in any manner before, during, or after the interview. (Id. at 6, 7). Luke was informed that he would be taken home after the interview and, in fact, left with his girlfriend following the interview. (Id. at 6, 7, 24-25). In addition, the interview DVD clearly demonstrates that: Luke was, for the most part, calm and responsive to questions; the detectives were not *Page 8 
coercive, threatening, or dominating; and the detectives did not trick or overpower Luke into making involuntary statements.
 {¶ 15} Comparing Luke's circumstances to the circumstances outlined inGreeno, supra, a reasonable person would have felt free to leave the March 16, 2006 interview. Ergo, the interview was non-custodial,Miranda warnings were not required, and Luke's argument fails.
 {¶ 16} Analyzing the Greeno circumstances aids the court in determining whether a reasonable person would have felt free to leave and, thus, whether a person was in custody for purposes ofMiranda. 2003-Ohio-3687, at ¶ 15. However, as we have previously stated, to determine if an interrogation is custodial, "[t]he ultimate inquiry is simply whether there is a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest."Ransom, 2006-Ohio-6490 at ¶ 20, citing Mason, 82 Ohio St.3d at 154, quoting Beheler, 463 U.S. at 1125; Thompson, 515 U.S. at 112.
 {¶ 17} The facts of this case do not meet this standard. First, Luke was not formally arrested prior to the interview. Second, Luke was never restrained to a degree equivalent to formal arrest. Since both these premises are true, the logical conclusions that follow are: (1) the March 16, 2006 interview was non-custodial in nature; (2)Miranda warnings were not required; and (3) the trial court did not err in admitting the interview statements into evidence at trial.Ransom, 2006-Ohio-6490, at ¶ 20, citing *Page 9 Mason, 82 Ohio St.3d at 154, quoting Beheler, 463 U.S. at 1125;Thompson, 515 U.S. at 112; Moore, 2007-Ohio-3600, at ¶ 11.
 {¶ 18} Consequently, whether Greeno is applied or our more limited inquiry under Ransom, supra, Luke's claim that the March 16, 2006 interview was custodial in nature and that Miranda warnings were required lacks merit.
 {¶ 19} For all these reasons, Luke's assignment of error is overruled.[1] {¶ 20} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 ROGERS, P.J. and WILLAMOWSKI, J., concur.
[1] Although this court overrules the assignment of error, the totality of circumstances surrounding the interview/ interrogation in this case make this finding somewhat of a `close call,' and suggests that the administration of Miranda warnings in such cases is, generally, a wise practice. *Page 1