I respectfully dissent with the majority in reasoning and result.
It is well established law that when reviewing a trial court's decision on a motion to suppress evidence this court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence and then independently determine as a matter of law, without deference to the trial court's conclusion, whether the facts meet the applicable legal standard. State v. Clay (1972), 34 Ohio St.2d 250. See also: State v. Noggle (Sept. 18, 2000), Crawford App. No. 3-2000-09,unreported; State v. Vance (1994), 98 Ohio App.3d 56, 58-59; State v.Daisy (Feb. 3, 2000), Hardin App. No. 6-99-7, unreported.
Therefore, it is not necessary, as the majority suggests, to remand this case. While the lower court may have in fact applied the wrong standard when rendering its decision on the appellant's motion to suppress, it is well within this court's authority to correct that error and enter judgment.
Secondly, the facts as found by the trial court establish that the arresting officer had the requisite probable cause or reasonable, articulable suspicion to effectuate a traffic stop on the appellant.
According to the arresting officer, the appellant was proceeding in the left lane of the roadway when her vehicle drifted a half a car width into the right lane and then back into the left lane without signaling.
R.C. 4511.33(A) states:
A vehicle or trackless trolley shall be driven, as nearly as ispracticable, entirely within a single lane or line of traffic and shallnot be moved from such lane or line until the driver has firstascertained that such movement can be made with safety.
Appellant asserts that this is a de minimus traffic violation and without other evidence of impairment did not justify an investigative stop. However, the United States Supreme Court, the Ohio Supreme Court and this court have previously found that contention to be without merit. Whren v. U.S. (1996), 517 U.S. 806; Dayton v. Erickson (1996),76 Ohio St.3d 3; Village of McComb v. Andrews (March 22, 2000), Hancock App. No. 5-99-41, unreported.
In Village of McComb, supra, this court considered similar facts where an officer conducted a traffic stop on a vehicle after he observed it making an improper lane change. In that case, the majority of this court held:
 "While we recognize the existence of those cases holding essentially that a de minimis violation does not necessarily give a police officer reasonable suspicion to stop a vehicle, see, Id., we disagree with the general reasoning of those cases and note that such cases have effectively been overruled by the United States Supreme Court in Whren v. United States (1996), 517 U.S. 806 and the Ohio Supreme Court in Dayton v. Erickson (1996), 76 Ohio St.3d 3. Whren and Erickson established the rule that a stop by a police officer based upon probable cause that a traffic violation has occurred, or was occurring, is reasonable per se. The reasoning in Whren and Erickson is applicable to Terry stops, notwithstanding the fact that the cases dealt with probable cause. Without exception readily apparent, every Appellate Court in Ohio presented with the opportunity, including this Court, has applied the Whren and Erickson rationale to Terry stops. Further, that Whren and Erickson are "pretextual" cases is similarly a distinction without significance to the present case.
 Consistent with Whren and Erickson, we hold that where a police officer stops a vehicle based on reasonable articulable suspicion or probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution. That is, when a police officer observes criminal activity taking place, including a violation of the traffic laws, they are automatically justified in effecting a Terry stop and pulling over the motor vehicle involved. That is not to say, by way of example, that every crossing of a highway edge or centerline makes a traffic stop constitutionally permissible. A driver crossing the centerline to avoid an apparent obstruction in the highway or crossing the centerline to properly pass a vehicle traveling in the same direction would not be instances where a traffic stop would be constitutionally permissible. But, where a driver, while approaching and/or traversing a railroad crossing, crosses the center line on one or more occasions and does so for no apparent reason, we think it reasonable for an officer observing such action to initiate a traffic stop in an effort to at least investigate possible violations. That the driver may have a reasonable explanation for traveling left of center might serve to alleviate the suspicion or be a defense to a charge, however, such explanation has no bearing on the propriety of the initial contact and obviously can not be obtained until an investigative stop is made."
Accordingly, I would overrule Appellant's first and second assignments of error and would affirm the ruling of the lower court.