The STATE of Ohio, Appellant,

v.

OWENS, Appellee.

[Cite as *State v. Owens* (1991), 75 Ohio App.3d 523.]

Court of Appeals of Ohio,
Montgomery County.

No. 12254.

Decided Aug. 13, 1991.

*J. Anthony Sawyer,* Director of Law, *Vincent P. Popp,* Chief Prosecutor, and *John J. Scaccia,* Assistant Prosecutor, for appellant.

*Kurt R. Portmann,* County Public Defender, and *Barbara V. Thompson,* Assistant County Public Defender, for appellee.

GRADY, Judge.

Appellee Willie J. Owens was charged with driving without a valid operator's license, in violation of R.C. 4507.02(A), and driving under a suspension, in violation of R.C. 4507.02(D). Owens pled not guilty and filed a motion to suppress. The motion was sustained by the trial court and the state filed a timely notice of appeal. For the reasons stated below we reverse the trial court's order suppressing evidence.

## I

At about 4:45 p.m. on April 7, 1990, Dayton Police Officer M.C. Kiser noticed a "dressed up" Volkswagen with out-of-county plates driving through downtown Dayton. Based on the appearance of the car and the location, Officer Kiser suspected that the driver could be involved in drug dealing and decided to run a check on the vehicle's license plates through the Bureau of Motor Vehicles. The computer inquiry revealed that the car was registered to Willie J. Owens and that Owens's driving privileges were under suspension. The inquiry also described Owens as a black male, six foot one, one hundred ninety pounds, and forty-one or forty-two years old.

Officer Kiser testified that he had a good view of the driver as the Volkswagen passed his cruiser. Kiser suspected that the driver was the owner described in the BMV report. Kiser therefore stopped the car and questioned the driver. The driver, appellant Owens, admitted that he was the owner of the car and that he was driving under a suspension.

Owens moved to suppress all evidence produced by the stop, arguing that no reasonable and articulable suspicion existed to give Officer Kiser the authority to run a check on the license plates or to make an investigatory stop. The trial court sustained the motion to suppress and the state appealed from that decision. We remanded the matter to the trial court, ordering it to enter findings of fact and conclusions of law in support of its order of suppression. The trial court did so and the matter has been resubmitted.

## II

Appellant's sole assignment of error states:

"The trial court committed reversible prejudicial error in suppressing evidence where the appellee had no privacy interest in his publicly displayed automobile license plate and where the police officer who stopped the vehicle

had reasonable articulable suspicion that the appellee was the vehicle owner and was illegally operating the motor vehicle."

■ Officer Kiser's check of the Bureau of Motor Vehicles' records was not an invasion of rights contemplated by the Fourth Amendment. It involved no intrusion and did not interrupt a driver in his travel or restrain or detain him. *State v. Adams* (Sept. 15, 1989), Montgomery App. No. 11608, unreported, 1989 WL 106224.

■ Based on the information received from the check of the plates, Officer Kiser decided to stop the car and question its driver.

"When an officer is able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant an intrusion into a protected area, a law enforcement officer may make a brief, investigatory stop of a suspect. In that event, facts or tangible evidence gleaned therefrom are not the products of an unreasonable search or seizure. *Terry v. Ohio* (1968), 392 U.S. 1 [88 S.Ct. 1868, 20 L.Ed.2d 889]; *United States v. Brigmoni–Ponce* (1975), 442 [422] U.S. 873 [95 S.Ct. 2574, 45 L.Ed.2d 607]. Whether a stop is reasonable depends on the totality of the surrounding circumstances. *State v. Freeman* (1980), 64 Ohio St.2d 291 [18 O.O.3d 472, 414 N.E.2d 1044].

"The interest of the state in ensuring that only those properly licensed are operating motor vehicles on the roadways of the state is a vital interest. *Delaware v. Prouse* (1979), 440 U.S. 648 [99 S.Ct. 1391, 59 L.Ed.2d 660]. Operation of a motor vehicle is not a right but, instead, a privilege to be granted and governed by the state. *State v. Newkirk* (1968), 21 Ohio App.2d 160 [50 O.O.2d 253, 255 N.E.2d 851]. Where the interest of the state is great and the intrusion on individual liberty is minimal, a stop to investigate is constitutionally permissible if accompanied by reasonable articulable suspicion that the individual is violating the laws of the state. *Terry, supra.*" *Dayton v. Blackburn* (June 8, 1989), Montgomery App. No. 11162, unreported, 1989 WL 65252.

Officer Kiser received information that the owner of the Volkswagen was a six-foot-one, one-hundred-ninety-pound, middle-aged black male, and that his driving privileges had been suspended. Kiser had the opportunity to observe the driver as the Volkswagen passed his cruiser and as he followed the car, and concluded that the driver matched the description of the unlicensed owner. It is reasonable to assume that the driver of a vehicle is most often the owner of the vehicle. In this situation the officer acted on specific and articulable facts which, together with their rational inferences, reasonably

warranted him to stop the vehicle and question the driver concerning a possible violation of the law. *Adams; Blackburn, supra.*

Appellant's assignment of error is sustained.

### III

For the reasons stated above, the decision of the trial court will be reversed and the matter remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

WILSON and BROGAN, JJ., concur.