The STATE of Ohio, Appellee,

v.

MARKER, Appellant.

[Cite as *State v. Marker* (1998), 130 Ohio App.3d 200.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–98–003.

Decided Sept. 30, 1998.

*Matthew L. Reger,* Bowling Green Assistant Prosecutor, for appellee.

*Danny A. Hill II,* Wood County Assistant Public Defender, for appellant.

SHERCK, Judge.

This appeal comes to us from the Bowling Green Municipal Court, where appellant was found guilty of driving while under suspension. Because we conclude that the trial court properly denied appellant's motion to suppress, we affirm.

While on routine patrol, a Bowling Green police officer ran a random registration check of the vehicle traveling in front of his police car. The dispatcher reported that the vehicle's owner was appellant, Nancy L. Marker. The dispatcher further reported that the owner's driving privileges were suspended. Based upon this information and noting that the driver was female, the officer stopped the vehicle.

Appellant, who was in fact driving the vehicle, was cited for driving under suspension and violating the Financial Responsibility Act in violation of Bowling Green Ordinance 71.13(B)("Count One"), and driving under suspension and failure to pay the reinstatement fee in violation of Bowling Green Ordinance 71.13(C)("Count Two"). Appellant moved to suppress, arguing that the officer did not have a reasonable, articulable suspicion of criminal activity to stop her vehicle. The trial court denied appellant's motion.

The prosecution then was granted leave to amend Count Two of the complaint to driving under suspension and failure to pay the reinstatement fee in violation of R.C. 4507.02(C), and to dismiss Count One. Appellant pled no contest to amended Count Two and was found guilty.

Appellant now appeals, setting forth the following sole assignment of error:

"The stop and subsequent arrest of the appellant was a violation of appellant's rights under the Fourth Amendment of the United States Constitution, and Article I, Section 14 of the Ohio Constitution because the stop was not based on a reasonable and articulable suspicion that appellant was engaged in criminal activity."

When determining a motion to suppress, a trial court becomes the trier of fact and is, therefore, in the best position to resolve questions of fact and to evaluate the credibility of witnesses. *State v. Vance* (1994), 98 Ohio App.3d 56, 58, 647 N.E.2d 851, 852; *State v. Williams* (1993), 86 Ohio App.3d 37, 41, 619 N.E.2d 1141, 1143–1144. An appellate court must accept the findings of fact if they are supported by competent, credible evidence. *Id.* Accepting those facts as true, the appellate court must "determine as a matter of law without deference to the trial court's conclusion, whether they meet the applicable standard." *Id.*

We recently stated in *State v. Pennington* (July 17, 1998), Wood App. No. WD–97–122, unreported, 1998 WL 456597, that "a police officer does not need to possess specific and articulable facts warranting suspicion of criminal behavior to run a license plate check on a vehicle traveling the public roadways. *United States v. Walraven* (C.A.10, 1989), 892 F.2d 972; *State v. Owens* (1991), 75 Ohio App.3d 523 [599 N.E.2d 859]."

We have also concluded that it is reasonable to infer that an automobile's owner is driving it. *State v. Epling* (1995), 105 Ohio App.3d 663, 665, 664 N.E.2d 1299, 1300; *State v. Owens, supra.*

In this case, the officer knew that the owner of the vehicle, a woman, had suspended driving privileges. Upon seeing that the driver of the vehicle was a woman, it was reasonable to infer that the owner of the vehicle was driving it.

Consequently, the officer possessed a reasonable suspicion based on specific and articulable facts that appellant was engaged in criminal activity. Therefore, the trial court did not err in denying appellant's motion to suppress.

Appellant's sole assignment of error is not well taken.

The judgment of the Bowling Green Municipal Court is affirmed. Court costs of this appeal are assessed to appellant.

*Judgment affirmed.*

HANDWORK, P.J., and GLASSER, J., concur.