OPINION
This appeal involves five separate unrelated common pleas court cases.
In case 96-CR-1169, Defendant was convicted following a jury trial of grand theft and robbery. In 96-CR-1626, Defendant was convicted following a jury trial of receiving stolen property. In 96-CR-3167, Defendant was found guilty upon his guilty pleas of burglary and forgery. In 97-CR-855, Defendant was convicted following his guilty plea of assault on a peace officer.
The sentences Defendant received for those offenses were suspended and Defendant was placed on five years probation. Subsequently, in case 98-CR-352, Defendant was convicted upon his no contest plea of possessing criminal tools, and likewise received a six month suspended sentence.
However, the trial court then determined that Defendant had violated the terms of his probation. The court then revoked Defendant's probation and imposed the suspended sentences in the other cases., Defendant now appeals the revocation of his probation in cases 96-CR-1169, 96-CR-1626, 96-CR-3167, and 97-CR-855, and his conviction and sentence in 98-CR-352.
 FIRST ASSIGNMENT OF ERROR APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.
Defendant complains that his court appointed counsel failed to investigate his case, failed to communicate with him about his case, and failed to contact and subpoena witnesses and relevant phone records.
To demonstrate ineffective assistance of counsel, Defendant must demonstrate both deficient performance, that his trial counsel's performance fell below an objective standard of reasonable representation, and prejudice, a reasonable probability that but for counsel's unprofessional errors, the outcome of the proceeding would have been different. Strickland v. Washington (1984), 466 U.S. 668; State v. Bradley (1989), 42 Ohio St.3d 136.
Many of Defendant's allegations are conclusory assertions about general failures on defense counsel's part. Those claims depend upon evidence outside this record. Such general, conclusory assertions are insufficient to demonstrate deficient performance or resulting prejudice. The proper vehicle in which to raise those claims is a petition for post-conviction relief pursuant to R.C. 2953.21.
With respect to the specific objections Defendant makes about his counsel's performance, Defendant complains about the assistance he received from counsel at both his probation revocation hearing and the motion to suppress hearing in case 98-CR-352. Regarding the probation revocation, Defendant alleges that he made his counsel aware of witnesses and phone records that counsel should have, but did not, present at the revocation hearing. According to Defendant, this evidence would have demonstrated that Defendant did contact his probation officer and drug treatment counselor about the scheduled appointments Defendant missed, and why Defendant missed those appointments. In other words, Defendant wanted to present as a defense to violating the terms of his probation his reasons or excuses for those violations.
That information was, in fact, presented at the revocation hearing via Defendant's own testimony and by defense counsel's cross-examination of the State's witnesses. Defense counsel's decision not to present witnesses to corroborate the claim may have been a matter of trial strategy. Presenting multiple witnesses to testify regarding why Defendant missed several of his scheduled appointments with his probation officer simply highlights the fact that Defendant failed to keep those appointments, violating the terms of his probation thereby. Defense counsel was able to proffer Defendant's excuses for missing those appointments by cross-examining the State's witnesses regarding what Defendant had told them in that regard, without emphasizing the fact that Defendant repeatedly failed to keep his appointments. On this record, Defendant has failed to demonstrate either deficient performance by defense counsel or resulting prejudice in failing to present witnesses and phone records at the probation revocation hearing.
With respect to defense counsel's performance at the suppression hearing, Defendant alleges that counsel failed to meet and talk with him about strategy and defenses. In a written response to Defendant's many motions he filed asking for new counsel, Defendant's court appointed counsel stated that he had discussed those matters with Defendant but that Defendant refused to accept counsel's advice. The court chose to believe defense counsel instead of Defendant, in what was obviously a credibility call.
The issues in the motion to suppress were whether police had probable cause to arrest Defendant, whether Defendant's waiver of his Miranda rights was knowing, intelligent and voluntary, and whether Defendant's incriminating statements to police were voluntary. Defendant claims that there were witnesses available who could have testified at the hearing that Defendant was aware police were following him at the time he allegedly committed this break-in. According to Defendant, counsel should have called these witnesses to testify at the suppression hearing because it is unlikely that Defendant would commit a crime if he knew police were watching him. Such testimony is irrelevant, however, to the issues before the court at the suppression hearing, and would not have assisted Defendant in that regard., Defendant also complains because counsel failed to call witnesses who could have testified that at the time police arrested and questioned Defendant he was experiencing tooth pain and swelling in his face. Absent evidence of coercive conduct on the part of the police which overbears a suspect's will, his decision to waive his Fifth Amendment rights is voluntary. State v. Dailey (1990),53 Ohio St.3d 88; Colorado v. Spring (1987), 479 U.S. 564. Once again, the evidence is irrelevant to the suppression issues before the court.
Having failed to demonstrate that the evidence which Defendant claims defense counsel should have presented at the suppression hearing would have assisted Defendant with the relevant issues, Defendant has failed to demonstrate either deficient performance or resulting prejudice. Ineffective assistance of counsel has not been shown.
The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN FAILING TO MAKE A PROPER INQUIRY ON THE RECORD REGARDING APPELLANT'S COMPLAINTS OF INEFFECTIVE ASSISTANCE AND DENIED APPELLANT'S RIGHTS PURSUANT TO THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
THIRD ASSIGNMENT OF ERROR
 THE COURT ERRED IN FAILING TO APPROVE SUBSTITUTION OF COUNSEL, THUS DENYING APPELLANT HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
Defendant asserts that the trial court failed to make an inquiry on the record concerning his claims during trial that his assigned counsel was ineffective, and abused its discretion in denying his request for new counsel., Defendant filed several motions requesting the appointment of new counsel. Defendant outlined specific objections he had to his court appointed counsel's performance. Counsel responded to those allegations with his own written motion contradicting Defendant's claims and requesting that the court appoint other counsel to represent Defendant. On June 3, 1998, the trial court held a hearing on this matter. The court allowed Defendant to state his reasons for requesting new counsel. The court also offered counsel an opportunity to respond, but counsel deferred to his written response. The trial court indicated that it had reviewed this matter very carefully, and denied the motion for new counsel.
The record demonstrates that the trial court was aware of Defendant's specific objections to his counsel's performance which included general assertions of failure to communicate, offering Defendant a plea that Defendant felt was unfair, and failure to contact witnesses that Defendant had requested. The trial court afforded Defendant an opportunity to speak in that regard, and afforded counsel an opportunity to respond. The court made its inquiry a part of the record. Under these circumstances the trial court did not breach its duty to inquire into Defendant's complaints about the effectiveness of assigned counsel. State v. Patterson (May 2, 1997), Montgomery App. No. 15699, unreported.
In considering the merits of Defendant's complaints about his assigned counsel's performance and counsel's response thereto, it is obvious that the trial court found those complaints unjustified and unreasonable, and resolved this matter on a credibility call, choosing to believe defense counsel rather than Defendant. In doing so, the trial court did not abuse its discretion, that is, act in an arbitrary, unreasonable, unconscionable manner. State v. Cowans (1999), 87 Ohio St.3d 68; State v. Adams (1980), 62 Ohio St.2d 151.
The second and third assignments of error are overruled.
FOURTH ASSIGNMENT OF ERROR
 APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO DUE PROCESS WITH RESPECT TO HIS PROBATION REVOCATION.
Defendant received suspended sentences and was placed on probation in case numbers 96-CR-1169, 96-CR1626, 96-CR-3167 and 97-CR-855. On February 12, 1998 a notice of probation revocation was filed which alleged that Defendant had violated three conditions of his probation: (1) failure to contact his probation officer immediately after being arrested, (2) failure to report to his probation officer, and (3) failure to begin out-patient drug treatment. A final revocation hearing was held on August 5, 1998, following which the trial court revoked Defendant's probation and imposed the previously suspended sentences.
In probation revocation proceedings a defendant is entitled to a preliminary hearing to determine whether there is probable cause to believe that Defendant has violated the terms of his probation, and a final hearing to determine whether Defendant's probation should be revoked. During probation revocation proceedings Defendant is entitled to procedural due process, which includes:
 1) written notice of the alleged violation; 2) the disclosure of evidence against the probationer; 3) the right to be heard and present evidence; 4) the right to confront and cross-examine witnesses; 5) the right to appear before a neutral and detached hearing officer, and 6) a written statement by the hearing officer as to evidence relied upon in reaching its decision.
Morrissey v. Brewer (1972), 408 U.S. 471; Gagnon v. Scarpelli (1973),411 U.S. 778., Defendant alleges that the trial court erred when it merged the probable cause hearing and the final revocation hearing, over his objection. An examination of this record fails to demonstrate that Defendant ever objected to the merger of the two hearings or requested a separate probable cause hearing. To the contrary, this record demonstrates that Defendant's counsel waived the probable cause hearing with the consent of Defendant. The record does not exemplify the claimed error.
Next, Defendant argues that he was never served with notice of the final revocation hearing. The record refutes this contention. At the revocation hearing Defendant admitted on cross-examination that he had received notice of the revocation hearing. Once again this record does not exemplify the claimed error.
Finally, Defendant argues that ineffective assistance rendered by his court appointed counsel prevented him from presenting witnesses and phone records at the probation revocation hearing. We previously considered and rejected this claim in adjudicating Defendant's first assignment of error.
The fourth assignment of error is overruled.
FIFTH ASSIGNMENT OF ERROR
THE COURT ERRED IN REVOKING APPELLANT'S PROBATION.
Defendant argues that the trial court abused its discretion in revoking his probation. In support of this contention, Defendant points out that he fulfilled all conditions of his probation prior to December 1997. Defendant admits that during December 1997 and January 1998 he missed three or four scheduled appointments with his probation officer and an appointment to begin outpatient drug treatment due to working two jobs and a leg injury he suffered playing sports. Nevertheless, Defendant argues that these are not significant or substantial violations of his probation because he contacted the Probation Department after each appointment he missed.
The evidence needed to justify revocation of probation is proof of a substantial nature. State v. Mingua (1974), 42 Ohio App.2d 35. A defendant's right to continue on probation is dependent upon his compliance with the conditions of his probation, and is a matter resting within the sound discretion of the trial court. State v. Lackey (November 1, 1993), Champaign App. No. 93-CA-06, unreported. An abuse of discretion is more than a mere error of law or an error in judgment. It is an arbitrary, unreasonable, unconscionable attitude on the part of the trial court. State v. Adams (1980), 62 Ohio St.2d 151., Defendant was on probation for less than three months before he began missing scheduled appointments with his probation officer. At the revocation hearing Defendant admitted that he missed several scheduled appointments with his probation officer, and missed his appointment with his drug treatment counselor. As an excuse, Defendant claimed he was working two jobs and was suffering from a leg injury. Defendant also claimed that in each instance after he missed a scheduled appointment, he contacted his probation officer or drug treatment counselor and explained why he missed that appointment.
The evidence presented at the revocation hearing clearly demonstrates that Defendant violated the conditions of his probation. While the trial court's decision to revoke Defendant's probation may seem onerous to some given the surrounding facts and circumstances, nothing even approaching an abuse of the trial court's discretion has been demonstrated, notwithstanding Defendant's testimony that his probation officer appeared to accept his excuses and tolerate the situation.
The fifth assignment of error is overruled.
SIXTH ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FAILING TO SUPPRESS EVIDENCE GAINED BY POLICE WHO LACKED PROBABLE CAUSE TO ARREST APPELLANT AND EXECUTED THE ARREST IN VIOLATION OF HIS RIGHTS PURSUANT TO THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
SEVENTH ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FAILING TO SUPPRESS EVIDENCE GAINED BY POLICE WHO EXECUTED AN UNREASONABLE SEARCH IN VIOLATION OF APPELLANT'S RIGHTS PURSUANT TO THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
These two related assignments of error concern only case number 98-CA-352. Defendant argues that police lacked probable cause to arrest him. Therefore, the screwdriver which police found during a search of his person incident to that arrest and his subsequent incriminating statements to police should have been suppressed by the trial court as fruits of his illegal arrest.
Evidence presented at the hearing in Defendant's motion to suppress demonstrated that on January 28, 1998, Lt. Huber of the Dayton police department observed Defendant walking South on Salem Avenue. Because he knew that Defendant's criminal history included various theft offenses, Lt. Huber decided to follow Defendant in his unmarked cruiser and observe him. Huber radioed for other officers to assist him., Defendant was observed entering a medical facility near Grandview Hospital. He remained inside for only a short time. After Defendant had left that building, Lt. Huber entered and spoke with the receptionist. He learned that Defendant had asked for and was given an employment application. Police continued to observe Defendant as he entered and left various other buildings after having been inside for only a few minutes.
At around 1:00 p.m., Defendant entered a building at 225 Linwood Avenue, Dayton. Defendant remained inside until 1:30 p.m., when he exited the building. Police immediately contacted the owner of the building and obtained permission to check for signs of forced entry. Police discovered a forced entry into the Dental Hygienists Association offices. There were pry marks on the door frame, and inside the office drawers had been left open and articles appeared to have been disturbed. A telephone repairman said that the door to that dental office had not been in that condition when he went to lunch at 12:30 p.m.
Lt. Huber believed that there had been a breaking and entering committed by Defendant, and he radioed to the police officers outside the building to arrest Defendant. Detectives Bilinski and Brannon arrested Defendant. In searching Defendant's coat pockets incident to his arrest, police discovered a screwdriver with a residue of drywall dust, a pair of gloves, and a key which police later determined fit the deadbolt lock on the door of the burglarized dental office., Defendant was transported to the police station, where police advised him of his Miranda rights via a pre-interview form. Defendant acknowledged that he understood each and every one of his rights and that he was willing to waive them and talk with police. Defendant signed the waiver of rights portion of the pre-interview form. Defendant then made oral and written incriminating statements about the break-in at the dental office., Defendant argues that police lacked probable cause to arrest him and were acting on a mere suspicion. The distinction is significant. A police officer may make a warrantless arrest for a felony not committed in his presence only if probable cause exists for the arrest. United States v. Watson (1976), 423 U.S. 411. Probable cause is reasonable grounds for belief of guilt, and it may be based on information of a reasonably trustworthy character that would warrant a prudent man in believing that the person arrested had committed a criminal offense. Beck v. Ohio (1964), 379 U.S. 89; Brigner v. United States (1949), 338 U.S. 160; State v. Timson (1974), 38 Ohio St.2d 122.
Police began following Defendant the day he was arrested because they were aware of his criminal background, which included the commission of theft offenses. Police observed Defendant as he entered and quickly left several buildings. After Defendant entered the building at 225 Linwood at 1:00 p.m., he remained inside for thirty minutes before leaving at 1:30 p.m. After Defendant left that building, police immediately entered and learned that there had been a break-in at a dental office inside that building, and that the break-in had occurred between 12:30 p.m. and 1:30 p.m.
Police officers did not violate Defendant's Fourth Amendment rights by following him about as they did, because none of their actions invaded the rights contemplated protected by the Fourth Amendment. See State v. Owens (1991), 75 Ohio App.3d 523. The point in contention is whether what they learned presented probable cause to believe that Defendants had committed a criminal offense, which permitted police to arrest Defendant without a warrant.
While these facts present a close question, we believe they would warrant a prudent man in believing that Defendant had committed a break-in shortly before at the dental office inside the building located at 225 Linwood. Therefore, sufficient probable cause existed for police to arrest Defendant, without having obtained a judicial warrant. Having lawfully arrested Defendant, a subsequent search of his person incident to that arrest was reasonable for Fourth Amendment purposes. Evidence of the crime found in Defendant's coat pocket, the screwdriver, was admissible. Chimel v. California (1969), 395 U.S. 752; United States v. Robinson (1973), 414 U.S. 218.
With respect to Defendant's incriminating statements to police, they clearly were not the product of an illegal arrest. Moreover, the evidence presented at the suppression hearing amply demonstrates that police fully advised Defendant of his Miranda rights before questioning him. Defendant knowingly, intelligently and voluntarily waived those rights, and his statements to police were voluntary and not the product of any police coercion. The trial court properly overruled Defendant's motion to suppress evidence.
The sixth and seventh assignments of error are overruled.
EIGHTH ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FAILING TO SUPPRESS EYEWITNESS IDENTIFICATION SECURED UNDER IMPERMISSIBLY SUGGESTIVE CIRCUMSTANCES.
This assignment of error concerns Defendant's convictions for grand theft and robbery in 96-CR-1169 and his conviction for receiving stolen property in 96-CR-1626. Defendant argues that the trial court erred when it failed to suppress identifications of him by the victims that were the product of suggestive pretrial identification procedures.
The State of Ohio has filed a motion to strike this assignment of error from Defendant's brief. The State argues that this court lacks jurisdiction to consider this assignment of error because Defendant did not timely appeal from his underlying convictions in these two cases, and he further failed to seek or obtain leave of court to file a delayed appeal from those convictions. We agree, and accordingly strike this assignment of error., Defendant's notice of appeal which he filed pro se on September 9, 1998, includes case numbers 96-CR-1169 and 96- CR-1626. However, that notice of appeal is limited to an appeal from the trial court's August 6, 1998 judgment entry, which is the termination entry revoking Defendant's probation in these cases and two other cases as well. Defendant's pro se notice of appeal does not include an appeal from the trial court's September 3, 1997 judgment entry of conviction and sentence in these two cases.
We permitted Defendant to amend his pro se notice of appeal to include an appeal from the trial court's October 19, 1998 judgment entry of conviction and sentence in case 98-CR-352. (See: Decision and Entry filed December 10, 1999.) We noted that, with respect to case numbers 96-CR- 1169, 96-CR-1626, 96-CR-3167 and 97-CR-855, this appeal would proceed as an appeal from the trial court's August 6, 1998 judgment entry, which terminated Defendant's probation in these cases.
Having failed to timely file a notice of appeal from his conviction and sentence in 96-CR-1169 and 96-CR-1626, and having further failed to obtain leave to file a delayed appeal from those convictions, App.R. 5, this court lacks jurisdiction to consider this matter. The eighth assignment of error in the Brief of Defendant-Appellant is hereby stricken from the record. Having overruled all of Defendant's other assignments of error, the judgment of the trial court will be affirmed.
_________ GRADY, J.