OPINION
This is an accelerated calendar appeal submitted on the briefs of the parties taken from a final judgment of the Mentor Municipal Court, wherein appellant, Anthony Rendina, pled no contest to driving without a license after his motion to suppress was denied.
The following facts were adduced at the suppression hearing. On August 4, 2001, while on duty, Patrolman Todd Knupsky ("Patrolman Knupsky") of the Mentor Police Department conducted a random registration check of appellant's license plate by using his mobile data computer. Appellant's motorcycle was unoccupied and parked in the parking lot of Big Lots, located on Market Street in Mentor, Ohio. According to the patrolman, "[w]hen I obtained the registration check, the listed owner, Anthony Rendina, shows that he had a suspended driver's license and that his license had expired in 1995." Patrolman Knupsky also obtained a physical description of the owner, including sex, age, height, weight, hair and eye color.
After a few minutes had elapsed, appellant returned to the motorcycle and drove out of the parking lot. Patrolman Knupsky observed that appellant matched the physical description of the listed owner. Therefore, Patrolman Knupsky followed appellant and initiated a stop of the vehicle. Appellant was subsequently cited for driving while under a suspension, in violation of R.C. 4507.02(B), and operating a motor vehicle without a valid driver's license, in violation of R.C. 4507.02(A).
After entering a plea of not guilty to the charges, on September 19, 2001, appellant filed a motion to suppress all the evidence obtained as a result of the arrest on the basis that there was no crime committed in the presence of the police officer, no probable cause existed to arrest appellant, and the stop was pretextual. Following a hearing, the trial court denied this motion.
Thereafter, on November 1, 2001, appellant entered a plea of no contest and was found guilty of driving without a license, a misdemeanor of the first degree, in violation of R.C. 4507.02(A), while the remaining charge was dismissed. Appellant's sentence was stayed pending the outcome of his appeal.
It is the denial of his motion to suppress from which appellant appeals, submitting a single assignment of error for our consideration.
At a hearing on a motion to suppress, the trial court functions as the trier of fact. As such, the trial court it is in the best position to weigh the evidence by resolving factual questions and evaluating the credibility of witnesses. State v. Mills (1992), 62 Ohio St.3d 357, 366;State v. Smith (1991), 61 Ohio St.3d 284, 288; State v. DePew (1988),38 Ohio St.3d 275, 277; State v. Fanning (1982), 1 Ohio St.3d 19, 20.
On review, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v.Retherford (1994), 93 Ohio App.3d 586, 592; State v. Guysinger (1993),86 Ohio App.3d 592, 594; State v. Klein (1991), 73 Ohio App.3d 486, 488. After accepting such factual findings as accurate, the reviewing court must independently determine as a matter of law whether the applicable legal standard has been satisfied. Retherford at 592; Klein at 488.
Returning to the lone assignment of error, appellant contends that the patrolman had no articulable basis for running a random check on appellant's license plate. From this, appellant concludes that the stop was illegal. Appellant also seems to suggest that he has an expectation of privacy against such a random check of his license plate by law enforcement.[1]
Contrary to appellant's contention, a police officer does not need to possess reasonable suspicion to conduct a random check of a license plate. This is because "[a police officer's] check of a person's Bureau of Motor Vehicles records does not implicate Fourth Amendment rights, as it does not involve any intrusion or interruption of travel, or any attempt to restrain or detain him." (Emphasis added.) State v. Freeman, 11th Dist. No. 2001-T-0008, 2002 Ohio 1176, at ¶ 14. See, also, RockyRiver v. Saleh (2000), 139 Ohio App.3d 313, 327; State v. Owens (1991),75 Ohio App.3d 523, 525; State v. Begovic (Dec. 5, 1997), 11th Dist. No. 97-L-041, 1997 Ohio App. LEXIS 5452, at 9; State v. Griffith (Mar. 28, 1997), 11th Dist. No. 96-L-088, 1997 WL 158100, 3.
In the instant matter, Patrolman Knupsky, admittedly, had no articulable suspicion that appellant was involved in criminal activity when he randomly checked the license plate on appellant's motorcycle. However, based on the above-mentioned case law, the patrolman did not need any suspicion.
Further, Patrolman Knupsky's computer check revealed that the owner of the vehicle had a suspended driver's license, and that the license had expired in 1995. Patrolman Knupsky was also provided a physical description of the owner of the motorcycle. At the suppression hearing, the patrolman indicated that appellant matched the description of the owner. "It is reasonable to assume that the driver of a vehicle is most often the owner of the vehicle." Owens at 525. At that point, Patrolman Knupsky had reasonable suspicion that appellant was committing the traffic offense of driving while under a suspension and/or driving without a license.
Based solely on these traffic offenses, Patrolman Knupsky had reasonable suspicion to initiate a stop of appellant's motorcycle for violating R.C. 4507.02(A) and (B). See, e.g., Saleh at 327 (holding that a police officer had reasonable suspicion that defendant was committing a traffic offense to justify an investigatory stop when the computer check of the vehicle's license plate indicated that the owner had a suspended driver's license and the defendant matched the physical description of the owner); Freeman at 6-7; State v. Moss (Feb. 16, 2000), 9th Dist. No. 19698, 2000 WL 202103, at 2; State v. Pennington (July 17, 1998), 6th Dist. No. WD-97-1221, 1998 WL 456597, at 1-2; Griffith at 3.
For these reasons, appellant's lone assignment of error is without merit, and the judgment of the trial court is affirmed.
WILLIAM M. O'NEILL, P.J., DONALD R. FORD, J., concur.
[1] On appeal, appellant only challenges the random check of his license plate and subsequent stop. As such, we will limit our analysis accordingly.