OPINION
{¶ 1} Defendant, Brian A. Jamison, appeals from his conviction for possession of crack cocaine, which was entered on his negotiated plea of no contest after the trial court had denied Jamison's motion to suppress evidence. In exchange for Jamison's plea, the State dismissed a firearm specification attached to the possession charge and two counts of having weapons under disability.
 {¶ 2} The evidence Defendant sought to suppress was seized from an automobile he was driving after it was stopped. A deputy sheriff stopped the vehicle because a LEADS computer check of its temporary tag indicated it might be stolen. While the deputy was conversing with Defendant the deputy observed a baggie containing green vegetation which he recognized as marijuana sticking out from under the center arm rest between the front seats. The deputy then removed Defendant and a passenger from the vehicle and secured them in a cruiser in which another deputy had by then arrived.
 {¶ 3} A search of the interior of Jamison's vehicle yielded both the baggie containing marijuana and crack cocaine found under the driver's seat. The officers then ran Defendant's name through their computer and learned that his driver's license was under suspension. The deputy who had stopped Defendant told him that he was under arrest for traffic violations.
 {¶ 4} Defendant was stopped on an entrance ramp onto Interstate Route 75. Because it was towed, and in accordance with his department's policy, the deputy performed an inventory search of the Defendant's car. A gun was discovered in the trunk.
 {¶ 5} Defendant was indicted on drug and firearm specifications and offenses. He moved to suppress evidence the deputies seized from his car. The court denied the motion, and Defendant thereafter entered his negotiated plea to the drug charges, as indicated above. Defendant was convicted on his plea and subsequently filed a timely notice of appeal.
 FIRST ASSIGNMENT OF ERROR {¶ 6} "Because the officer did not have a reasonable suspicion to think that appellant had violated a law, the officer should never have stopped the car."
 {¶ 7} When the deputy who stopped Defendant's vehicle first saw it he observed that the vehicle had no interior rear view mirror. Believing that was a violation of the traffic code, the deputy followed the vehicle and while doing that ran the numbers in its temporary license tag through his LEADS computer. The report he received indicated that the vehicle might be stolen, so he stopped the vehicle to investigate. Defendant challenges the stop on two contentions.
 {¶ 8} First, Defendant argues that lack of an interior rear view mirror is not a traffic code violation. R.C. 4513.23 requires a rear view mirror, but the vehicle had an outside mirror that satisfied the requirement. If that is true, we agree that no R.C. 4513.23 violation existed. However, Defendant was not stopped on that account. He was stopped because a check of the vehicle's license plate number indicated it might be stolen. Neither the license plate check nor the officer's conduct in following the vehicle implicated Defendant's Fourth Amendment rights. State v. Owens (1991), 75 Ohio App.3d 523.
 {¶ 9} Second, Defendant argues that the report that the vehicle might be stolen which the license plate check produced was insufficient to create the reasonable and articulable suspicion required to perform the stop under the rule of Terry v. Ohio (1968), 392 U.S. 1,88 S.Ct. 1868, 20 L.Ed.2d 889. This court has held that such information is sufficient to create the suspicion required. State v. Stamper (Feb. 10, 1993), Montgomery App. No. 13469. The officer subsequently learned that the vehicle was not stolen. Even so, his reliance on the information he received to stop the vehicle was objectively reasonable under the circumstances, and in that event suppression of evidence seized as a result of the stop is not warranted. State v. Banks (May 25, 1994), Montgomery App. No. 14201; State v. Greer (Sept. 27, 1996), Montgomery App. No. 15695.
 {¶ 10} The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR {¶ 11} "The evidence should cause this court to conclude that the purported inventory search was nothing more than a pretextual search for evidence."
 {¶ 12} The deputy removed Defendant and his passenger from the vehicle and seated them in a cruiser after he saw the baggie of marijuana inside Defendant's vehicle. The deputy testified that he ordinarily doesn't arrest persons for possession of such a small amount of marijuana. Defendant argues that the search of the interior of his vehicle that the officer then performed, which yielded the crack cocaine, was therefore pretextual and as a result illegal.
 {¶ 13} The legal issues involved in a Fourth Amendment challenge are not controlled by the particular reasons given by a law enforcement officer for why he engaged in the particular intrusion involved. So long as the facts hypothesize a basis that in law justifies the action that was taken, the legal challenge will be rejected.
 {¶ 14} Possession of marijuana is a criminal offense for which a law enforcement officer is authorized to perform an arrest. Having seen the marijuana in plain view, the officer had probable cause to search the vehicle pursuant to the automobile exception to the warrant requirement.State v. Moore, (90 Ohio St.3d 47, 51, 2000-Ohio-10. Further, being authorized to perform a custodial arrest, the officer was likewise authorized to search the vehicle's passenger compartment. State v.Murrell, 94 Ohio St.3d 489, 2002-Ohio-1483.
 {¶ 15} Defendant also argues that the inventory search of his vehicle that yielded the gun found in its trunk was pretextual. The State, as part of the plea bargain agreement, dismissed all charges relating to the gun and Defendant was convicted of none on his plea of no contest. Therefore, Defendant was not prejudiced by the search of his trunk and seizure of the gun, and any error in failing to suppress that evidence is moot.
 {¶ 16} The second assignment of error is overruled.
 Conclusion {¶ 17} Having overruled the assignments of error presented, we will affirm the judgment from which the appeal was taken.
BROGAN and WOLFF, JJ., concur.