DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Bowling Green Municipal Court in which the trial court granted a motion to suppress evidence filed by appellee, Jeff E. Bailey. For the reasons that follow, we hereby reverse the judgment of the trial court.
 {¶ 2} On appeal appellant, the city of Bowling Green, sets forth the following assignment of error:
 {¶ 3} "The trial court erred in granting the motion to suppress where the officer, while attempting to verify the registration which defendant-appellee provided, which was not in conformance with the information which the officer was provided by the Bureau of Motor Vehicles through the LEADS program, determined that the defendant-appellee was driving under suspension."
 {¶ 4} The undisputed facts that are relevant to the issues raised on appeal are as follows. On October 12, 2002, Patrolman Jeffrey Lowery of the Bowling Green Police Department stopped appellee's vehicle near the intersection of Campbell Hill Road and East Wooster Street in Bowling Green, Ohio, after a check of the mobile data unit in his patrol car revealed that appellee's vehicle had an expired license plate. However, when Lowery approached appellee's vehicle, appellee produced a copy of a current vehicle registration and a receipt, which appellee said he had acquired earlier that day at the Bureau of Motor Vehicles ("BMV") in Bowling Green.
 {¶ 5} After receiving the registration documents, Lowery asked appellee for his operator's license. When Lowery checked the BMV records, he discovered that appellee's operator's license was under suspension. As a result, appellee was charged with Driving Under a Drug Suspension, in violation of Bowling Green Codified Ordinance 71.13(D), which is substantially the same as R.C. 4507.02(D).
 {¶ 6} On January 15, 2003, appellee filed a motion to suppress, in which he argued that Lowery's request for his operator's license was improper, since the encounter should have ended when Lowery discovered that the vehicle driven by appellee was, in fact, properly registered. A hearing on appellee's motion was conducted by a magistrate, by agreement of the parties, at which testimony was presented by Patrolman Lowery and appellant.
 {¶ 7} Lowery testified at the hearing that he noticed the expired registration on appellee's vehicle at approximately 10:30 a.m. on October 12, 2002, while he was on patrol. Lowery stated that, before stopping appellee, he had obtained the vehicle's registration history and the owner's information and driving history from the computer in his patrol car. He then initiated a traffic stop, during which appellee stated that he had renewed the registration earlier that morning. Lowery further stated that, at some time during the stop, he determined that the documentation produced by appellee to show that the vehicle's registration had been renewed was valid.
 {¶ 8} On cross-examination, Lowery testified that he typically runs "every plate [he] can read" while on patrol, and he did not remember where he was in relation to appellee's vehicle when he first noticed the expired tag. Lowery further testified that, after appellee presented him with the registration card, Lowery asked appellee for his operator's license, which led to the discovery that appellee's driving privileges had been suspended.
 {¶ 9} Appellee testified at the hearing that he lives in Bowling Green and the vehicle was owned by his mother, Chiquita Bailey, who lives in Toledo. Appellee further testified that he renewed the vehicle's registration at the BMV on East Wooster Street at 10 a.m., approximately one-half hour before he was stopped by Lowery. Appellee stated that, after he was stopped, he immediately offered proof of registration to Lowery, and that Lowery said the registration "looked legit" before he asked to see appellee's operator's license.
 {¶ 10} On January 27, 2003, the magistrate issued a decision in which he found that:
 {¶ 11} "In the instant case, once the officer was shown the registration information, the reason for the stop no longer existed. [Lowery] offered no reason as to why he needed to ask the driver for his license: there was no illegal driving and the driver offered no threat to the officer. There was no reason to investigate the driver or further detain him." Accordingly, the magistrate granted appellee's motion to suppress. Objections to the magistrate's decision were filed on February 10, 2003. On February 26, 2003, the trial court, after conducting an independent review of the evidence, adopted the magistrate's findings and upheld the granting of the motion to suppress. A timely notice of appeal was filed.
 {¶ 12} At a hearing on a motion to suppress, the trial court functions as the trier of fact. As such, the trial court is in the best position to weigh the evidence by resolving factual questions and evaluating the credibility of witnesses. State v. Mills (1992),62 Ohio St.3d 357, 366; State v. DePew (1988), 38 Ohio St.3d 275, 277. On review, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v.Retherford (1994), 93 Ohio App.3d 586, 592. However, in this case, the relevant facts are not in dispute. Accordingly, on appeal, we need only determine whether, as a matter of law, the applicable legal standard has been satisfied. Retherford, supra, at 592.
 {¶ 13} In cases where a police officer has a reasonable and articulable suspicion of criminal activity, the officer may initiate a brief, investigative stop. Terry v. Ohio (1968), 392 U.S. 1. To justify a stop under Terry, an officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion. State v. Williams
(1990), 51 Ohio St.3d 58, 60. Determination of whether reasonable suspicion exists in any given case requires review of the totality of the surrounding facts and circumstances. State v. Bobo (1988),37 Ohio St.3d 177, 178. Those circumstances must be viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold. State v. Andrews (1991), 57 Ohio St.3d 86,87.
 {¶ 14} In this case, the record shows that Patrolman Lowery stopped appellee's vehicle when he was advised that the vehicle's registration was expired. Accordingly, the initial stop was justified. See State v.Pennington (July 17, 1998), 6th Dist. App. No. WD-97-122, citing UnitedStates v. Walraven (C.A. 10, 1989), 892 F.2d 972; State v. Owens (1991),75 Ohio App.3d 523.
 {¶ 15} After stopping appellee, Lowery was informed that appellee had personally renewed the vehicle's registration earlier that morning. As proof, appellee presented Lowery with documentation, including the backing from the registration sticker, which had been placed on the rear license plate, a vehicle registration card, and a receipt for appellee's payment of the registration fee. Faced with the possibility that either appellee or the mobile data terminal in his patrol car had produced false information, Lowery also asked appellee for his operator's license so that he could verify appellee's claim that he had renewed the registration earlier that morning. As a result of Lowery's investigation, he discovered that the vehicle's registration was, indeed, valid; however, appellee's operator's license had been suspended.
 {¶ 16} This court has reviewed the entire record of proceedings before the trial court and, upon consideration thereof, finds that the facts and circumstances of this case give rise to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion of asking for appellee's operator's license. Accordingly, the trial court erred by granting appellee's motion to suppress, and appellant's sole assignment of error is well-taken.
 {¶ 17} The judgment of the Bowling Green Municipal Court is reversed. The case is hereby remanded to the trial court for further proceedings consistent with this opinion. Court costs of this appeal are assessed to appellee.
Judgment reversed.
Peter M. Handwork, P.J., Richard W. Knepper, J., and Mark L. Pietrykowski, J., concur.