OPINION
{¶ 1} This appeal is brought by the State pursuant to R.C. 2945.67(A) and Crim.R. 12(K) from a judgment granting a motion to suppress evidence.
 {¶ 2} On the evening of November 17, 2003, Montgomery County Sheriff's Deputy Shawn Baab was on routine patrol in his police cruiser. Deputy Baab was accompanied by his trained drug detection dog, Storm.
 {¶ 3} Shortly after midnight, Deputy Baab ran a random computer check on the license number of a car he saw on Third Street in Dayton. A report came back that an arrest warrant was outstanding for the registered owner of the vehicle, who is male.
 {¶ 4} Acting on this information, Deputy Baab stopped the vehicle. Shortly thereafter, he determined that both the driver and the single passenger were females, and so neither could be the subject of the arrest warrant. However, because he had seen each make several movements to reach for the floor of the vehicle when the stop was effected, Deputy Baab was concerned they might have weapons and contraband inside. Concerned for his safety. Deputy Baab called for back-up.
 {¶ 5} When other officers arrived the two occupants were directed to get out of the vehicle. A pat-down of the passenger, Defendant Clark, produced a metal rod, commonly called a "push rod," typically used to clean crack pipes.
 {¶ 6} Because the "push rod" was probable cause to arrest Clark for a drug paraphernalia offense, R.C. 2925.14(A), Deputy Baab walked his dog around the vehicle in which Clark had been seated. Storm alerted, and a search of Defendant's purse, which was inside the vehicle, produced two rocks of crack cocaine.
 {¶ 7} Defendant was charged for possession of crack cocaine in an amount less than one gram, in violation of R.C. 29252.11(A). She filed a motion to suppress the evidence police had seized. The trial court granted Clark's motion, finding that the evidence was illegally seized because the justification for the warrantless stop of the vehicle had dissipated before the seizures occurred, when it was determined that neither of its female occupants could be the male registered owner for whom an arrest warrant was outstanding.
 {¶ 8} The State filed a timely notice of appeal from the suppression order, certifying that the ruling had rendered the State's proof of the drug charge so weak that any reasonable probability of effective prosecution was destroyed. Crim.R. 12(K).
 {¶ 9} ASSIGNMENT OF ERROR
 {¶ 10} "THE TRIAL COURT ERRED BY GRANTING CLARK'S MOTION TO SUPPRESS THE CRACK COCAINE FOUND IN HER PURSE."
 {¶ 11} The exclusionary rule applies to evidence obtained through an illegal search or seizure. Warrantless searches and seizures are per se unreasonable, and therefore illegal, absent the prosecution's proof of one of the several recognized exceptions to the Fourth Amendment warrant requirement. Katz v. United States (1967), 389 U.S. 347, 88 S.Ct. 507,19 L.Ed. 2d 576.
 {¶ 12} A random computer check of a vehicle's license number implicates no Fourth Amendment right for which a prior judicial warrant is required. State v. Owen (1991), 75 Ohio App.3d 523. A stop of a vehicle does, however. Delaware v. Prouse (1979), 440 U.S. 648,99 S.Ct. 1391, 59 L.Ed.2d 660. Absent a warrant, the prosecution must demonstrate an objective justification for the stop that was made. Id. In this context, that requires evidence portraying a reasonable and articulable suspicion of criminal activity. Terry v. Ohio (1968),391 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889.
 {¶ 13} Objective justification was provided here by the results of the license plate check, which gave rise to a reasonable suspicion that the driver of this vehicle was wanted on an outstanding warrant, permitting a warrantless stop of the vehicle. The duration of a traffic stop, however, may last no longer than is necessary to resolve the suspicion that led to the stop, absent specific and articulable facts showing that further detention was reasonable. State v. Brown (July 30, 2004), Montgomery App. No 20336, 2004-Ohio-4058; State v. Chatton (1984),11 Ohio St.3d 59.
 {¶ 14} Whether reasonable suspicion of criminal activity exists is determined by the totality of the facts and circumstances.
 {¶ 15} State v. Bobo (1988), 37 Ohio St.3d 177. Those circumstances must be viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold. State v.Andrews (1991), 57 Ohio St.3d 86. A court must give due weight to the training and experience of the officer, and view the evidence as it would be understood by those in law enforcement. Id.
 {¶ 16} Under Terry, an officer is entitled to conduct a limited pat-down search of a suspect's outer clothing for weapons if the officer reasonably believes that the suspect may be armed, and therefore poses a threat to the safety of the officer or others. Id. at. 28. The officer need not be absolutely certain that the suspect is armed. The issue is whether a reasonably prudent person under the circumstances would be warranted in that belief. Id., at 27. A Terry weapons frisk must be confined in scope to an intrusion reasonably designed to discover guns, knives, clubs, or other hidden weapons which may be used to assault the officer. Id. It cannot be used as a pretext to search for contraband or evidence of a crime. State v. Evans, 67 Ohio St.3d 405, 1993-Ohio-186.
 {¶ 17} Deputy Baab testified that when he made the stop of their vehicle he saw both the driver and passenger reach down for the area of the floor, several times, in ways which in his experience had preceded his discovery of weapons and contraband inside the vehicle. This created concerns for his own safety that were reasonable, particularly in view of the late hour and the fact that, except for his dog, Storm, Deputy Baab was alone. Therefore, he was authorized to continue Defendant's detention to investigate those suspicions, even after the separate cause for the stop itself had dissipated. In finding otherwise, the trial court failed to give proper weight to the officer's training and experience, and to the reasonable inferences to be drawn from the facts and circumstances in light of his experience, and failed to view the evidence as it would be reasonably understood by those involved in law enforcement. Andrews,supra; State v. Phillips, 155 Ohio Ap.3d 149, 2003-5742.
 {¶ 18} The trial court erred when it granted Defendant's motion to suppress evidence on the finding the court made. The court did not reach the other potential grounds for suppression the motion implicated; whether removing the "push rod" from Defendant's pocket exceeded the scope of a Terry weapons pat-down and whether the subsequent search of the vehicle and Defendant's purse that produced the cocaine was lawful. The court may address those issues in remand.
 {¶ 19} The assignment of error is sustained. The suppression order from which the appeal was taken will be reversed, and the case will be remanded for further proceedings on the motion to suppress evidence.
Wolff, J. And Fain, J., concur.