[Cite as *State v. Simon*, 2011-Ohio-2360.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | |
| ROBERT SIMON | : | Case No. 2010CA00320 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas,
                              Case No. 2010CR0900




JUDGMENT:                     Reversed and Remanded




DATE OF JUDGMENT ENTRY:       May 16, 2011




APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee

JOHN D. FERRERO                         TAMMI JOHNSON
Stark County Prosecutor                 Stark County Public Defender's Office
                                        200 West Tuscarawas Street
RENEE M. WATSON                         Suite 200
KATHLEEN O. TATARSKY                    Canton, OH  44702
Assistant Prosecuting Attorneys
110 Central Plaza South
Suite 510
Canton, OH  44702

*Farmer, J.*

{¶1} On June 6, 2010, Jackson Township Patrolman Anthony Crookston was on routine patrol when he observed a motorcycle being operated by appellee, Robert Simon, in the adjoining lane. Patrolman Crookston was traveling five m.p.h. under the speed limit and appellee did not pass his cruiser. Patrolman Crookston ran a license plate check on the motorcycle and learned that the registered owner did not have a valid motorcycle endorsement. Further, a physical description of the registered owner matched that of appellee. As a result, Patrolman Crookston stopped appellee.

{¶2} During the stop, Patrolman Crookston asked appellee if he had anything illegal or any weapons on him. Appellee responded in the negative; however, appellee kept pulling on his leather jacket. When asked about the jacket pulling, appellee admitted he had a loaded gun on his person. Appellee did not have a permit to carry a concealed weapon.

{¶3} On July 19, 2010, the Stark County Grand Jury indicted appellee on one count of carrying a concealed weapon in violation of R.C. 2923.12. On September 2, 2010, appellee filed a motion to suppress, claiming an illegal stop, search, and detention because Patrolman Crookston did not have a reasonable suspicion to stop him. A hearing was held on September 27, 2010. By judgment entry filed November 5, 2010, the trial court granted the motion and suppressed all evidence, finding Patrolman Crookston did not have a reasonable articulable suspicion to stop and detain appellee.

{¶4} Appellant, the state of Ohio, filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶5}   "THE TRIAL COURT ERRED BY GRANTING THE DEFENDANT'S MOTION TO SUPPRESS."

I

{¶6}   Appellant claims the trial court erred in granting appellee's motion to suppress because the evidence supports the fact that Patrolman Crookston had a reasonable articulable suspicion to warrant the stop of appellee's motorcycle.   We agree.

{¶7}   There are three methods of challenging on appeal a trial court's ruling on a motion to suppress.   First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence.   *State v. Fanning* (1982), 1 Ohio St.3d 19; *State v. Klein* (1991), 73 Ohio App.3d 485; *State v. Guysinger* (1993), 86 Ohio App.3d 592.   Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact.   In that case, an appellate court can reverse the trial court for committing an error of law.   *State v. Williams* (1993), 86 Ohio App.3d 37.   Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress.   When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry* (1994), 95 Ohio App.3d 93; *State v. Claytor* (1993), 85 Ohio App.3d 623;

*Guysinger.* As the United States Supreme Court held in *Ornelas v. U.S.* (1996), 116 S.Ct. 1657, 1663, "…as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶8} In *Terry v. Ohio* (1968), 392 U.S. 1, 22, the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to *Terry*, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. *State v. Freeman* (1980), 64 Ohio St.2d 291, paragraph one of the syllabus.

{¶9} The gravamen of the issue presented in this case is whether Patrolman Crookston's knowledge at the time of the stop was sufficient to support a reasonable articulable suspicion to warrant the stop.

{¶10} It is readily conceded by appellant that Patrolman Crookston did not observe appellee violate any traffic laws, but became suspicious when appellee, while traveling in the adjoining lane, did not pass his cruiser although he was traveling under the speed limit. T. at 6. Based upon this observation, Patrolman Crookston ran the motorcycle's license plate and learned that the registered owner did not have a valid motorcycle endorsement. T. at 7. Further, the physical description of the registered owner matched that of appellee. T. at 7-8. The operator of the motorcycle was not

wearing a helmet that would have restricted Patrolman Crookston's observations.  T. at 7, 13.  Based on the information he received, Patrolman Crookston effectuated a stop and asked appellee if he was the registered owner of the motorcycle.  Appellee acknowledged that he was.  T. at 8.

{¶11}  During oral argument, appellant argued the running of the motorcycle's license plate did not violate any of appellee's rights to privacy.  We concur.  As our brethren from the Ninth District in *State v. Kavalec* (December 22, 1993), Medina App. No. 2246-M, pointed out, there is no expectation of privacy regarding a license plate check.  Numerous appellate districts have embraced the theory that running a license plate is not a Fourth Amendment violation and does not constitute a stop.  *Rocky River v. Saleh* (2000), 139 Ohio App.3d 313; *State v. Moss* (February 16, 2000), Summit App. No. 19698; *State v. Pennington* (July 17, 1998), Wood App. No. WD-97-122; *State v. Kent* (June 18, 1998), Cuyahoga App. No. 72435; *State v. Owens* (1991), 75 Ohio App.3d 523.  The United States Supreme Court in *Cardwell v. Lewis* (1974), 417 U.S. 583, 590, explained the following:

{¶12}  "One has a lesser expectation of privacy in a motor vehicle because its function is transportation and it seldom serves as one's residence or as the repository of personal effects.  A car has little capacity for escaping public scrutiny.  It travels public thoroughfares where both its occupants and its contents are in plain view."

{¶13}  We embrace the reasoning of the cited cases.  The right to operate a vehicle in Ohio is in fact a privilege that is protected by statutory enactments (R.C. Title 45).  Ohio law prohibits any person from operating a motorcycle on a public roadway without a valid license (R.C. 4510.12).  License plates are required by this state on the

front and rear of a vehicle and are clearly in plain view (R.C. 4503.21). These requirements imply the state has a vested interest in ensuring that vehicles and drivers are licensed.

{¶14} As we have consistently held, the standard to be applied in determining the sufficiency of reasonable articulable suspicion is what an objective officer knew under the circumstances at the time of the stop. In this case, Patrolman Crookston believed the description of the motorcycle's registered owner matched the description of appellee. This was sustained by his observation of appellee while operating the motorcycle beside him and in following behind him. T. at 11. Although appellee argues the description of a white male, 5'10" and 160 pounds was generic, it nonetheless matched Patrolman Crookston's helmet-less observation of appellee.

{¶15} Appellee argues the trial court was correct in granting the motion to suppress and in support, cites a decision by this court in *City of Mansfield v. Crose* (April 21, 1994), Richland App. No. 93-CA-79-2, wherein we upheld the trial court's granting of a motion to suppress on similar facts, stating the following: "The computer check showing that the registered owner of the motorcycle did not have the proper endorsement is likewise insufficient to justify the stop in the absence of any reasonable and articulable suspicion that the owner was, in fact, the driver." We distinguish the *Crose* case from the case sub judice as Patrolman Crookston had evidence that the registered owner of the motorcycle was in fact the driver via a physical description.

{¶16} Given the observation time and location and Patrolman Crookston's identification, we conclude a reasonable articulable suspicion did exist.

{¶17}  Upon review, we find the trial court erred in granting appellee's motion to suppress.

{¶18}  The sole assignment of error is granted.

{¶19}  The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed.

By Farmer, J.

Gwin, P.J. and

Edwards, J. concur.


_s/ Sheila G. Farmer_____


_s/ W. Scott Gwin_____


_s/ Julie A. Edwards_____

JUDGES

SGF/sg 503

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                                   :
                                                :
    Plaintiff-Appellant                     :
                                                :
-vs-                                            :             JUDGMENT ENTRY
                                                :
ROBERT SIMON                                    :
                                                :
    Defendant-Appellee                      :             CASE NO. 2010CA00320

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is reversed, and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellee.

                        s/ Sheila G. Farmer

                        s/ W. Scott Gwin

                        s/ Julie A. Edwards

                            JUDGES